WRIGHT, Presiding Judge.
This is a child custody case.
*358 Appellant, Helen Sparks (mother), and appellee, Richard Sparks (father), were divorced July 27, 1982. The mother was given custody of the parties’ two minor children, Justin and Jody, ages eight and six respectively. The father was granted certain specified visitation rights.
In August 1983, father petitioned the Clay County Circuit Court for modification of the original divorce decree, alleging a material change of circumstances affecting the best interest of the minor children. Specifically father alleged that mother allowed various men to stay overnight in her bedroom while the children were in the home, that mother performed sexual acts with various male visitors while the children were home, that mother has contracted genital herpes, a serious medical virus which is contagious and dangerous to the children, and that mother does not properly care for the children in that they are not properly fed or clothed and are often left alone unsupervised.
Following an ore tenus hearing, the court entered an order modifying the prior final judgment, transferring full care, custody and control of the minor children from mother to father, based on its finding that “[Ejvidence shows that a substantial change of circumstances has taken place in the lives of the parties so as to indicate ... that the best interests of the minor children require a change in the primary care, custody and control of the children.” Mother subsequently filed a motion for a new trial which the court denied. Mother appeals.
The only issue raised on appeal is whether the trial court erred in its decision to modify the prior judgment of divorce. Mother contends that the court erred in that its decision was neither supported by the law nor the evidence.
In a proceeding to modify a prior custody decree the court must apply a two-pronged test: “[Wjhether it is in the best interest of and welfare of the child to change custody, and whether the party seeking modification has alleged and shown a change in conditions which will justify modification.” Quintanilla v. George, 340 So.2d 804, 807 (Ala.Civ.App.), cert. denied, 340 So.2d 808 (Ala.1976).
In the present case the trial judge heard the case ore tenus. Therefore, his decision is presumed correct on review by this court. Davis v. Davis, 365 So.2d 80 (Ala.Civ.App.1978). “[I]n child custody cases especially, the intent perception of an attentive trial judge is of great importance .... [W]e are not permitted to reverse ... unless the judgment is so unsupported by the evidence that it constitutes an abuse of judicial discretion and was, thus, clearly and palpably wrong.” Fassina v. Fassina, 401 So.2d 113, 115 (Ala.Civ.App.1981).
Our review of the record indicates there is evidence supportive of the determination that it is in the children’s best interest to give custody to the father. The evidence, including the mother’s own admission, tended to show her sexual promiscuity with at least two men while the children were at home. We have said that an occasional sexual, indiscretion does not necessarily require a change in custody. Etheridge v. Etheridge, 375 So.2d 474 (Ala.Civ.App.1979). We have not said that sexual indiscretions may not support a change in custody. In this case, additional evidence revealed that the children were left alone and unsupervised while the mother was away from home. Witnesses testified that mother had fits of emotional rage and depression and that on one occasion, while Jody was present, she cut her wrist in an aborted suicide attempt. On yet another occasion mother threw a temper tantrum and smashed a telephone onto a glass tabletop, cutting both herself and Jody, who was nearby. Testimony indicated other acts of irresponsible behavior which left the children upset and shaken, such as driving recklessly fast with the children in the car after an outburst of anger. The testimony of both the mother and her physician tended to show that she contracted genital herpes as a result of sexual affairs.
Evidence in the record, such as the foregoing, is clearly supportive of the trial court’s decision. Finding no abuse of dis *359 cretion or palpable error, we affirm the decision of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.