On February 10, 1984, Shelli M. Hester filed a petition in the Circuit Court of Covington County, Alabama, asking the court to modify a former divorce decree between the parties due to a change of circumstances, for a temporary restraining order, and for the court to issue an order requiring respondent to show cause why he should not be held in contempt of court for use of force on the petitioner. On March 7, 1984, the trial court heard the petition, and at the conclusion of the hearing entered its order finding the defendant/respondent in contempt of court for failing to pay $1,000 due in alimony to petitioner, but allowing him an opportunity to purge himself of contempt by paying the $1,000 into the court on or before March 20, 1984.
The court refused to issue a restraining order or to modify its former order placing custody of the parties' children with the defendant. The trial court did, however, modify the visitation rights of the petitioner by making them more specific. From this order petitioner appeals to this court.
Appellant challenges the custody aspect of the trial court's order. We recently reiterated that the matter of custody of children and right of visitation in a case of divorce, or modification thereof, is for the discretion of the trial court.Robbins v. Robbins, 447 So.2d 789 (Ala.Civ.App. 1984). There is a strong presumption in favor of a trial court's findings in a child custody case. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App. 1983). The exercise of such discretion by the court, after oral hearing, is presumed to be correct and will be set aside on appeal only upon a finding of palpable abuse and unjustness.Thomas v. Davis, 410 So.2d 889 (Ala. 1982).
Our review of the evidence and the judgment of the trial court discloses no basis for reversal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.