This is a child custody case.
Roger Dale Simmons and Cynthia Lee Simmons were divorced on October 26, 1981. By agreement, the court awarded custody of their minor child, Bradley Paul Simmons, to the mother. On April 24, 1984, the father filed a petition to modify for the purpose of gaining custody of their four-year-old son. On October 23, 1984, the trial court issued an order finding that the material and substantial change in circumstances of the parties required a change in custody. From that judgment, the mother brings this appeal.
The mother contends that the trial court abused its discretion and/or misapplied the law to the facts. The law in child custody modifications has been recently redefined by our supreme court. When a parent who has voluntarily relinquished custody of a child later attempts to regain custody, he bears a two-part burden of proof. First, he must prove that he is a fit parent; next, he must prove that a change in custody materially promotes the child's best interests. Ex parte McLendon,455 So.2d 863 (Ala. 1984); Nicholas v. Nicholas, 464 So.2d 527
(Ala.Civ.App. 1985).
The father presented evidence of his fitness as a parent. He is remarried, with a stable job. There was evidence that he had often visited the child since the divorce. He paid his child support payments on time (although the payments were reduced at one point by agreement with the maternal grandmother and mother). The mother admits that the father loves the child, and the evidence indicated that they have a good father/son relationship.
There was also evidence to indicate that a change in custody would materially promote the child's best interests.
The mother's lifestyle has been impermanent since the divorce. She has lived at several residences in Montgomery while the child has remained with the maternal grandmother in Millbrook, Alabama. During the three years between the divorce and this petition, the child has lived with the mother only five months. The child was not in a permanent family situation at the time of the hearing.
There was evidence that the child was not receiving regular medical checkups and was late in receiving immunization shots. Testimony showed it was the father who took the child to the doctor for the inoculations.
When a trial court hears evidence ore tenus, makes findings of fact and enters its judgment based upon such facts, we review that judgment with a presumption of correctness. We will not reverse it except for an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App. 1984).
With that standard guiding us, we are unable to find legal basis for reversing the judgment of the lower court. We can only hope that the love everyone in this case has for this child will aid in mitigating any disruptive effect of the transfer of custody. This court recognizes that in this case actual day-to-day custody of this child has not been with the mother, but with the foster parents of the mother who are not related to the child. Those foster parents are to be highly commended for the love and care given the child. For the benefit of the child, it is hoped by the court that they are not hereafter alienated from him.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1253