WRIGHT, Presiding Judge.
The ex-wife appeals from the denial of her petition to modify a custody decree. We affirm the trial court’s decision to let the judgment stand and the children remain in the custody of the paternal grandparents.
The marriage of Charles and Gertrude Wiseman produced two minor children. The divorce decree granted custody of the children to the paternal grandparents. Gertrude Wiseman filed a petition to modify the decree, seeking to regain custody of the children, which was denied. This appeal followed.
The burden of a petitioner seeking to modify a custody decree is twofold: to show a change of circumstance since the last decree and to show that a change of custody will materially promote the welfare of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). That burden is not met by a showing that the parent’s conditions have merely improved so as to enable provision for the child similar to that care given by the current guardian. Id. at 866. That is, the parent seeking custody must show that “the inherently disruptive effect caused by uprooting the child” will be more than offset by the advantages of the change of custody. Wood v. Wood, 333 So.2d 826 (Ala.Civ.App.1976).
The guiding principle in child custody cases is the best interests of the child. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984). The effect of a change in custody on the child’s “stability and the right to put down into its environment those roots necessary for the child’s healthy growth into adolescence and adulthood,” is integral — although not alone dispositive— to a determination of what is, in fact, in the child’s best interests. Wood, supra, at 828.
Although the appellant in this case has demonstrated that her conditions have improved, she has not by sufficient evidence demonstrated that a change of custody would materially promote her children’s welfare, above and beyond the disruptive effect it would cause. We do not find that the court’s denial of appellant’s petition to modify custody was plainly and palpably wrong in view of the evidence presented at the ore tenus hearing. Wood, supra.
The appellant contends that the living conditions of her children at the paternal grandparents are unclean and dangerous, and that considered together with the supervision the children, as appellant claims, are not receiving, should lead us to reverse the trial court and put the custody of the children in her name. We are not so led. Although the living conditions of the current guardians may lack something to be desired, we find no evidence that the children are not being suitably provided for at present, nor that the care provided for the *179 children during the past three years of custody has been anything other than satisfactory and in their best interest. Appellant has not overcome the presumption of correctness accompanying the judgment of the trial court.
The court’s refusal to modify the custody decree is affirmed.
The request of appellant for attorney’s fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.