This is a child custody case.
Jimmy E. Wesson and Lillian B. Wesson (Morse) were divorced in June 1982. Pursuant to the divorce decree, the parties were granted joint custody of their minor son, James Wesson.
On August 16, 1983 the original custody arrangement was modified to place the child's custody with his mother. The order modifying custody also afforded the father reasonable visitation rights and required child support payments from him.
In August 1986 the mother filed a contempt petition against the father for his failure to pay child support. The father responded with a petition for modification in custody alleging that a material change in circumstances had occurred since the court's first modification and that the best interests of the parties' minor son would be served by the court's placing sole custody of the child with Mr. Wesson.
The court consolidated the mother's contempt petition and the father's modification petition and conducted a hearing on all pertinent issues. The court then issued an order: (1) granting the wife's petition for past-due child support; (2) declaring the child support arrearage a nonwillful violation of the earlier order; (3) finding a material change in circumstances which justified a change in custody; and (4) awarding sole custody to the father.
The mother appeals.
The sole issue presented for our review is whether the trial court erred in awarding custody of the minor child to the father. A parent who seeks to recover his child's custody that was previously lost by court order or agreement must prove that such a change in custody will materially promote the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
After the trial court has heard evidence in a child custody case, our review of the resulting order is limited. Sparks v.Sparks, 451 So.2d 357 (Ala.Civ.App. 1984). This limited review stems from a recognition that the trial court was presented the evidence ore tenus. Sparks, supra.
Further, the trial court's order is afforded a presumption of correctness, and we will not reverse it absent a finding of an abuse of discretion or a determination that the judgment was so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App. 1985).
We have reviewed the evidence with the attendant presumptions and find that the order changing custody neither reflected an abuse of discretion nor was so unsupported by the evidence as to be plainly and palpably wrong. Simmons, supra.
Since her divorce from the husband and the issuance of the first modification, the mother has divorced and remarried again. At the time of the first modification, the mother was receiving counseling. She has terminated those sessions. The trial judge who presided at the first modification hearing also presided at the second. He stated that the stability of the mother's marriage at the time of the first modification and her counseling sessions affected his first custody decision. Likewise, her termination of both relationships affected his decision to place custody with the father.
Additionally, the minor child's school work is currently very poor. There is testimony in the record, however, that during the time the parties shared joint custody the child did well in school while in his father's custody. The child's performance *Page 538 
in school during this time was attributed, in part, to the fact that the father required the child to do his homework and take it to school. However, evidence was also presented establishing an improvement in the child's grades while he was with his father. All of the above would support a determination that a change in custody was in the child's best interests. Accordingly, we cannot find that the change in custody ordered by the trial court was plainly and palpably wrong.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.