INGRAM, Judge.
Barbara and Lemuel Nix were divorced in September 1981. The decree of divorce gave custody of the parties’ minor son to the mother. In July of 1985, the father *723 filed a petition to modify the decree, seeking custody of the minor child. The trial court modified the divorce decree, granting custody to the father. On March 13, 1987, the mother filed a petition to modify, seeking custody of the child. The trial court denied the petition, and the mother appeals.
It is a stringent standard which must be met in any child custody modification case. The parent seeking a change in custody must show that the change of custody would materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
In cases such as this, where evidence was presented ore tenus, our review is limited. The judgment of the trial court is reviewed with a presumption of correctness. We will not reverse on appeal except for abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985).
The evidence presented in this case reveals that the child is well adjusted in his present custody situation. He is living in a clean, happy home and makes excellent grades in school. The mother seems to no longer suffer from the problems which apparently were a factor in custody being removed from her. It seems that she could also at this time provide a good home for her son. We have examined the evidence and find that both parents are capable of providing the child with a proper environment. However, the mother has failed to show by material evidence, as required by McLendon, that removing custody from the father would materially promote the welfare and best interests of the child. It seems that the upheaval involved in shuffling the child to another home at this time would far outweigh any benefit that could possibly be derived by granting custody to the mother. Thus, we find that the judgment of the trial court is supported by the evidence and that there was no abuse of discretion by the trial court.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.