INGRAM, Judge.
Appellant and cross-appellee Charles Kelley, Commissioner (Commissioner) of the Department of Conservation and Natural Resources, appeals from a circuit court judgment granting law enforcement officers’ subsistence and lump-sum benefits to certain employees of the Department of Conservation and Natural Resources (Department). Appellees and cross-appellants C.E. White, Jr., et al. (employees), cross appeal from that part of the judgment denying the subsistence and longevity benefits to other employees of the Department.
The employees (plaintiffs in the trial court) are employees of the Department within the Game and Fish Division. In September 1985, thirty of these employees (namely seventeen fisheries biologists; ten fisheries biologist aides; one building supervisor; one equipment operator; and the hunter safety education coordinator employed in the wildlife section) filed a petition for writ of mandamus and a complaint for declaratory relief in Montgomery County Circuit Court. The employees sought a declaratory judgment that they wére “state law enforcement officers,” as determined by § 9-11-5, Code 1975, and thus entitled to past and future subsistence and lump sum longevity benefits granted by the provisions of §§ 36-21-2(a) and 36-21-3(a), Code 1975. Section 9-11-5 reads as follows:
“The commissioner of conservation and natural resources, his wardens, agents and employees shall be and are hereby constituted peace officers of the state of Alabama with full and unlimited police power and jurisdiction to enforce the provisions of the game and fish laws and the rules and regulations promulgated thereunder, and they may exercise such power in any county of the state of Alabama or in or on any waters of the state of Alabama or within the territorial jurisdiction of the state.”
The trial court ruled in favor of the fisheries biologists and the hunter safety education coordinator for the wildlife section by determining them to be law enforcement officers, and by granting them sub *1388 sistence allowance and lump-sum longevity pay under §§ 36-21-2 and -3, Code 1975, up to May 1982. Relief was denied to all other plaintiffs in the trial court.
The primary issue on appeal is whether the trial court erred in determining that the fisheries biologists and the hunter safety education coordinator for the wildlife section were law enforcement officers and entitled to subsistence and longevity benefits under the provisions of §§ 36-21-2 and 36-21-3, Code, supra. The Department contends that the evidence is insufficient for the lower court to make this determination.
We note that § 36-21-1 provides “the term ‘law enforcement officer’ means any person employed in the classified civil service of the state whose duties involve police work.” We further note that § 36-21-2 provides that any law enforcement officer of the State of Alabama who is employed by the Department of Conservation shall receive subsistence allowance. Section 36-21-3 states the entitlement of law enforcement officers of the State of Alabama to lump-sum payments.
The record reveals that there was testimony at trial that the fisheries employees and the wildlife section employees were issued badges and told that they were law enforcement officers upon employment. Furthermore, the employees were expected and required to perform law enforcement duties in the event they became aware of a violation of fish and game laws. There was evidence that many of the employees were given blue lights for the vehicles they drove which were identical to that of game and fish enforcement officers. Some of these employees had either made arrests or assisted other arresting officers on occasions. The hunter safety coordinator certified firearms requirements in certain areas of the state to all wildlife section personnel and other law enforcement officers in accord with the Minimum Standards and Training Act.
At a non-jury trial on July 31, 1986, the trial court found that the fisheries biologists and the hunter safety coordinator (employed by the wildlife section) were law enforcement officers until May 1982, when job description changes were made by the State Personnel Board for the fisheries and wildlife section employees. (These changes provided that law enforcement functions would be performed in the wildlife section. No such provision was, however, included for the fisheries section.) The trial court granted subsistence allowance and lump-sum longevity pay to these employees up to the date of the job description changes. The record reveals evidence sufficient to support the findings of the trial court as to this issue. We review the judgment of the trial court with a presumption of correctness and will not reverse on appeal except for abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ. App.1985).
The other issue presented concerns whether the Commissioner of the Department of Conservation had the authority to determine that fisheries biologists would not perform law enforcement functions. In January 1980, the Commissioner notified all fisheries employees by memorandum that they were “no longer expected nor required to exercise the ‘police power and jurisdiction’ of ‘peace officers of the State of Alabama.’”
The trial court determined that the Commissioner had no such authority in view of § 9-11-5, Code 1975, which confers peace officer authority on employees of the Department. The Department contends that the trial court erred in that such ruling is contrary to the legislative intent of this statute and §§ 9-2-5 and -6, Code 1975, which give the Commissioner broad powers to administer the functions and duties of the Department and its employees. We agree with this contention.
Section 9-11-5, Code 1975, was first enacted by the legislature in 1935. It provided that the Commissioner, along with his wardens, agents, and employees, shall be peace officers of the State of Alabama with full and unlimited police power and jurisdiction to enforce the provisions of the game and fish laws and the rules and regulations promulgated thereunder. It is without dis *1389 pute that this statute confers police power to the employees, but such statute does not diminish the broad authority granted to the Commissioner by the legislature in §§ 9-2-5 and -6 to administer the Department. It is therefore necessary that these statutes be construed in pari materia, the result of which leads us to conclude that the determination as to which employees shall become engaged in law enforcement must be made by the Commissioner if the Department is to be operated in an effective and economical manner. To hold otherwise is to deprive the Commissioner of a right he clearly has in accomplishing the overall legislative mandate establishing the Department and providing for its management.
We therefore find that the trial court erred in its determination that the Commissioner was without authority to terminate the law enforcement duties of fisheries employees by his January 1980 memorandum.
On cross-appeal, the employees raise an additional issue. They point out that there has never been any distinction between the law enforcement duties of fisheries biologists and fisheries biologist aides, and it is therefore illogical to distinguish the aides from the biologists. We find no merit in this contention. The record reveals that the job descriptions for the two positions differ. The job descriptions for each biologist position includes a statement calling for prevention of violation of game and fish laws. The biologist aide job descriptions contain no such statement. Thus, the decision of the trial court not to include the biologist aides under the statutory provision was supported by evidence in the record. Simmons, supra. The biologist aides should not be entitled to the same benefits received by the fisheries biologists.
Thus we find that the trial court was correct in its determination that fisheries employees actually performed law enforcement duties and were thus entitled to the benefits conferred in §§ 36-21-2(a) and 36-21-3(a), Code 1975. However, we also note that these same law enforcement duties ceased in January 1980 when the Commissioner notified the employees that they were no longer to perform in that role. Thus, the fisheries employees should receive benefits up to January 1980 and not up until May 1982, as determined by the lower court.
This case is affirmed in part and reversed in part and remanded to the trial court with instructions to issue an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.