BRADLEY, Presiding Judge
This is a child custody case.
Walter L. McKnight and Wanda C. McKnight were divorced in September 1985. Pursuant to a settlement agreement incorporated into the divorce decree, the custody of their two minor children was given to the mother. On February 24,1987 the father filed this petition to modify, alleging a material change in circumstances and that the best interests of the children would be served by changing custody of the children to the father.
After an ore tenus proceeding on June 8, 1987, the court ordered additional evidence on the issue of custody. A second hearing was conducted on August 18, 1987, after which the Montgomery County Circuit Court denied the father’s petition. The father appeals. We affirm.
The father contends on appeal that the trial court erred both in denying his petition and in applying an improper standard. A parent seeking to recover custody of a child where that custody was previously lost by court order or agreement bears the burden of proving that a change in custody will materially promote the child’s best interests and will more than offset the disruptive effect. Ex parte McLendon, *725 455 So.2d 863 (Ala.1984). The paramount concern in a child custody case is the best interests of the child. Wiseman v. Wiseman, 497 So.2d 177 (Ala.Civ.App.1986). In child custody cases presented to the trial court ore tenus, the judgment is presumed to be correct and will not be altered on appeal absent a showing that the court abused its discretion and was plainly and palpably wrong. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
We have reviewed the record with the appropriate presumptions and find that the trial court’s denial of the father’s petition was neither an abuse of discretion nor so unsupported by the evidence as to be plainly or palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985).
Although the father has shown that his circumstances have changed and improved, he has not shown that the change in custody would materially promote the welfare and best interests of the children. McLendon, supra. The father attempted to show this by contending that the mother did not properly care for the children, especially in the case of the daughter, who suffers from a learning disability and who is currently in the first grade for a third time. The evidence does not show, however, that the children’s bad grades in school are the direct result of a lack of concern or care on the part of the mother. Andrews v. Andrews, 495 So.2d 688 (Ala.Civ.App.1986). To the contrary, the evidence indicates that the mother attempts to help the children with homework, has helped the daughter do flash cards, contacted a learning center about her daughter’s school difficulties, and requested testing for the daughter to determine her educational capabilities. The evidence further indicated that the mother has a steady job as a preschool teacher and is trying to improve her situation. The children had good attendance records and the daughter is now enrolled in a supplemental educational program and has shown significant improvement. As an additional incentive for the mother to make extra efforts on behalf of her children, the trial court directed that she involve herself more in the academic efforts of her children, and it further said that the daughter must complete the course at the Sylvan Learning Center.
We find that this was sufficient evidence for the trial court to determine that the father had not shown that the possible advantage of a change in custody would offset the disruptive effect of the change in custody under McLendon.
The father also contends the court applied an improper standard to a determination of child custody. As noted earlier, the paramount concern and appropriate standard are the best interests of the children. Wiseman, supra. The trial court specifically addressed the best interests of the children in its order; thus, no error here.
We conclude that the father failed to show that the best interests of the children would be served by a change of custody. The trial court’s denial of his petition was not an abuse of discretion or plainly and palpably wrong.
This case is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.