BRADLEY, Presiding Judge.
This is a breach of warranty case.
Plaintiff, Brenda Dinmark, purchased three articles of clothing from the defendant, Shonie Martin, who owns Chantilly Boutique. The garments purchased by plaintiff included two linen skirts which, following dry cleaning, had areas of discoloration on them. Although the cleaners recleaned the skirts, they were returned with the same discoloration.
As a result, the cleaners sent the skirts to a textile analysis lab for a determination *1235 as to the cause of the discoloration. The lab report was, in part, as follows:
“The fabric contains cellulose fibers, such as linen, ramie, rayon, or cotton, and is heavily sized. Examination shows the sizing in the fabric is not affected by drycleaning solvents, but is readily affected by moisture. Moisture in some form has wet out the fabric and caused a disturbance of the sizing.
[[Image here]]
“... [T]his condition cannot in any way be attributed to mishandling by the dry-cleaner.
[[Image here]]
“The adverse effect of this garment is attributed to the sensitivity of the sizings to water in any form which can be expected to come in contact with fabrics of all kinds in normal use and care.”
Pursuant to these findings, the textile company report also provided that “[t]he article could not withstand accepted care procedures or the conditions of normal consumer use; thus the damage is attributable to manufacture.”
Pursuant to section 7-2-314, Code 1975:
“(1) Unless excluded or modified (section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind....
“(2) Goods to be merchantable must be at least such as:
[[Image here]]
“(c) Are fit for the ordinary purposes for which such goods are used; and
[[Image here]]
“(f) Conform to the promises or affirmations of fact madie on the container or label if any.”
In cases where evidence is presented ore tenus to the trial court and the court then makes its judgment based on its factual findings, the judgment is presumed correct. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985). Further, we will not reverse absent an abuse of discretion or a determination that the decision is so unsupported by the evidence as to be plainly and palpably wrong. Simmons.
The evidence submitted by the plaintiff indicated that the goods were not merchantable as required by section 7-2-314, Code 1975, i.e. the textile analysis report stated that the articles could not have withstood normal consumer use. For the skirts to have been merchantable pursuant to section 7-2-314, Code 1975, they had to be “fit for the ordinary purposes for which such goods are used.” There being evidence to support the trial court’s finding that the goods were not of merchantable quality, we affirm the trial court’s judgment.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.