HOLMES, Judge.
This is a child custody modification case.
In 1986 the child, age three, was placed in the custody of her paternal uncle and aunt. There was evidence that the child had been physically abused while in the mother’s custody.
In 1987 the mother filed a petition in order to regain custody of her child. The petition alleged that there had been a substantial change in the mother’s circumstances since the last court order. After an ore tenus hearing the trial court denied the mother’s request for a change in custody.
The mother appeals, contending that the trial court abused its discretion in failing to modify custody. We find no such abuse and affirm.
The cases are legion which hold that the resolution of these types of custody cases falls within the sound judicial discretion of the trial court and that the trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. Davis v. Davis, 451 So.2d 316 (Ala.Civ.App.1984).
Equally well established is the “ore ten-us” rule. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. McKinney v. Alabama Department of Pensions & Security, 475 So.2d 568 (Ala.Civ.App.1985). Furthermore, under the standards enunciated in Ex parte McLendon, 455 So.2d 863 (Ala.1984), the party petitioning for a change in custody must show more than mere remarriage and an improved lifestyle and financial condition. The petitioner must show a change of circumstances since the last decree and show that a change in custody will materially promote the welfare of the child. Wiseman v. Wiseman, 497 So.2d 177, 178 (Ala.Civ.App.1986).
*946 This court pretermits a summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subjects.
Suffice it to say that, after a review of all the testimony and the entire record before the court, we are not persuaded that the adjudication as to the area of concern is of such character as to constitute a plain abuse of judicial discretion. Simply stated, the trial court was not plainly and palpably wrong. In fact, the trial court was eminently correct.
We note that, while the mother’s situation may have improved to some extent, the child’s situation is at present stable and more than adequate. It is the child’s welfare that is of primary concern. Soltis v. Soltis, 470 So.2d 1250 (Ala.Civ.App.1985).
In addition to the above, the mother complains of certain evidentiary rulings by the trial court. Quite frankly, we find no such error, but, even if there was error, it would fall within Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.