ROBERTSON, Judge.
This is a child custody modification case.
John Fitzgerald (father) and Sharon Fitzgerald (mother) were divorced in Mobile County on December 18,1980. The divorce decree provided, inter alia, that legal custody of the parties’ minor child be granted to the mother subject to reasonable rights of visitation for the father. The child lived with the mother until summer 1986, when the parties informally agreed to allow the child to stay with the father for an uncertain time. The child lived with the father approximately two years, which included two school years, before returning to his mother’s home. On March 3, 1988, the father filed a petition to modify, seeking full legal custody of the child. After an ore terms hearing, the trial court denied the father’s petition expressly reaffirming custody to the mother. The father appeals. We affirm.
The dispositive issue on appeal concerns whether the trial court erred in reaffirming its earlier award of custody to the mother.
Basic to this issue is the limited standard of review on appeal in child custody cases. When evidence in a child custody case has been presented to the trial court ore terms, the judgment of the trial court carries with it a presumption of correctness that will not be disturbed on appeal, absent an abuse of discretion so unsupported by the evidence as to be plainly and palpably wrong. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
The father, as the parent seeking modification of a previous order granting custody, bears the burden of proving that a change in custody will materially promote the child’s best interests. Ex parte McLendon, 455 So.2d 863 (Ala.1984). He must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child. McLendon, supra.
The father contends that during the time the child lived with him, by mutual agreement of the parties, such improvement was noted in the child’s school performance and other areas of life, that the best interests of the child would be served by allowing the child to live permanently with him. He further attempted to show instability and unfitness in the mother, by bringing before the court evidence of certain indiscretions. Clearly, the trial court considered any indiscretions of the mother in making its determination, and so indicated in paragraph two of its order by the following language: “THAT the Plaintiff [mother] is hereby admonished that she shall maintain a proper moral environment during the time the minor child is in her custody.”
It is undisputed that the mother raised the child alone approximately six years, working with the father for ample visitation, before the informal agreement to let the child live with the father temporarily. There was evidence presented showing that the informal agreement allowing the child to temporarily live with the father, in no way affected the earlier legal custody award, and was not a relinquishment of custodial rights on the part of the mother. It is apparent from the record that both parties love the child and have worked very hard together, even under difficult circumstances, to do what is in the child’s best interests. That included the agreement to let the child live temporarily with the father, to take advantage of an educational opportunity that the parties felt was not available in the mother’s home at that time.
The record is replete with evidence that both parents provide a good home environment for the child and will continue to do so. The trial court had the opportunity and advantage of observing the demeanor of the witnesses, which included both parents and the child. Testimony before the trial court showed that all of the child’s relatives, except the father, step-mother, and step-brother, lived in Mobile. This included his cousins and both sets of grandparents. The child’s testimony that he was happy living in Mobile where he had neighborhood playmates, was involved in many activities, *175 and enjoyed the close proximity of his grandparents, was supported by the testimony of both parents. Clearly these factors entered the trial court’s determination to reaffirm the legal custody with the mother.
The trial court correctly required the father to show that a change in custody would materially promote the welfare and best interests of the child, offsetting any disruptive effect of uprooting the child. McLendon, supra. The trial court’s conclusion that the father failed to meet that standard is supported by the evidence presented. The trial court’s denial of his petition was not an abuse of discretion nor plainly and palpably wrong, and must therefore be affirmed.
The request for attorney’s fee by appel-lee is hereby granted in the sum of $750. Appellant’s request for attorney’s fee is denied.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.