The parents were divorced on April 10, 1989. Custody of the minor child, Megan, was awarded to the mother.
On April 14, 1989, the father filed a motion to change custody from the mother to the father. As grounds for such a change, he alleged that the mother was living with a person not her husband. Following an ore tenus proceeding, the trial court entered the following order:
 "1. The Court finds a material change in circumstances and awards custody of the minor child, Megan, to the Plaintiff subject to reasonable rights of visitation in the Defendant."
The mother appeals and contends that the trial court erred in transferring custody to the father.
"A material change in circumstances" is not the standard to be applied in this situation. The father, as the parent seeking modification of a previous order granting custody, bears the burden of proving that a change in custody will materially promote the child's best interests. Ex parte McLendon,455 So.2d 863 (Ala. 1984). He must demonstrate to the trial court that such a change in custody will more than offset the inherently disruptive effect caused by uprooting the child.McLendon, supra.
As noted previously, the father asserts that the custody change is warranted because the mother was living with a man not *Page 983 
her husband. At the hearing, the mother admitted to such living arrangements.
Evidence of "indiscreet" conduct may be considered as a factor in custody modification actions; however, custody will not be modified where the party seeking the change fails to establish a substantial detriment effect on the welfare of the child as a result of the "indiscreet" conduct. Smith v. Smith,464 So.2d 97 (Ala.Civ.App. 1984). Here, the record is devoid of any evidence that tends to show that the mother's activities were in any way detrimental to Megan. The record is similarly devoid of any evidence tending to show that a change in custody would "materially promote" Megan's best interest and welfare.
The father had the burden of showing that the mother's living arrangements had a detrimental effect on the child and that transferring custody to him would "materially promote" the welfare and best interests of the child. Benton v. Benton,520 So.2d 534 (Ala.Civ.App. 1988). This he failed to do.
Where evidence is heard ore tenus by a trial court, the court's findings will not be disturbed unless plainly and palpably wrong. Patterson v. Patterson, 399 So.2d 846
(Ala.Civ.App. 1980). Here, the evidence simply does not warrant a change in custody. We find, therefore, that the trial court erred in transferring custody from the mother to the father.
This case is reversed and remanded with instructions to enter an order consistent with this opinion.
The mother's request for an attorney's fee for representation on appeal is granted in the amount of $600.00.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.