This case involves postdivorce custody proceedings.
Burnia Smith (mother) and Timothy Smith (father) were divorced by the Macon County Circuit Court on October 17, 1989. The parties had two minor children. The original divorce decree incorporated an agreement of the parties whereby the mother received custody of the minor daughter, while the father received custody of the minor son. The father was ordered to pay $100.00 per month in child support for the minor daughter.
On September 6, 1990 the mother filed a petition for modification in which she sought custody of the minor son and an increase in child support. On October 9, 1990 the father filed an answer and counterclaim seeking custody of the minor daughter and child support. The mother answered the counterclaim on October 24, 1990. On December 12, 1990 the mother amended her petition to allege that the father had transferred physical custody of the minor son to his paternal grandparents. On that same day, the father filed a motion to continue the hearing set for December 13, 1990.
On December 13 the trial court granted the motion for continuance and granted temporary visitation rights to the mother pending a full hearing. On December 18 the trial court issued another order granting temporary visitation rights to the father. An ore tenus proceeding was then held on January 10. The trial court entered judgment on January 15, 1991 denying both the mother's petition and the father's counterclaim. Only the mother appeals.
The mother first contends that the trial court erred in failing to award her custody of the minor son.
As stated, custody of the minor son was awarded to the father by an agreement between the parties that was incorporated into the divorce decree. Where a parent has transferred to another the custody of her child by fair agreement and this agreement has been acted upon, the parent will not be permitted to reclaim custody of the child unless it is shown that a change in custody would materially promote the welfare of the child.Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The parent seeking the change of custody must prove that she is a fit parent and that the positive good brought about by the modification will more than offset the inherently disruptive *Page 918 
effect caused by uprooting the child. Wade v. Clark,564 So.2d 982 (Ala.Civ.App. 1990).
At trial the mother sought to prove that the father does not provide a wholesome environment for the minor son. The mother testified about the father's undisputed sexual infidelity during the marriage, as well as his alleged sexual misconduct after the divorce. Sexual misconduct is a factor which the trial court may consider when contemplating a custody issue. However, before custody may be denied on this basis it must be shown that such misconduct is detrimental to the child.Jones v. Haraway, 537 So.2d 946 (Ala.Civ.App. 1988). The mother's evidence failed to show that the father's activities have had a detrimental effect on the child. To the contrary, several witnesses testified that both the minor son and the minor daughter enjoy a good relationship with their father and do not appear to suffer ill effects when they are in his care.
The record indicates that both the father and the mother love their children and have attempted to provide adequate care for their various needs. In light of this, the trial court found that neither parent should forfeit custody of the minor children in their respective custody. The trial court's judgment on this matter is presumed correct, unless there is palpable error. Dockins v. Dockins, 475 So.2d 571
(Ala.Civ.App. 1985). We find no such error; thus the trial court's judgment is affirmed.
The mother next argues that the trial court erred in not increasing the father's child support obligation, pursuant to the child support guidelines set out in Rule 32 of the Alabama Rules of Judicial Administration.
The child support guidelines are mandatory in all relevant actions instituted on or after October 9, 1989, hence they are applicable to this case. According to the guidelines, the provisions of any child support judgment can be modified "only upon a showing of a material change of circumstances that is substantial and continuing." Rule 32(A)(2)(i), A.R.J.A.
The record reveals that the father was employed as a nurse earning approximately $24,000 annually at the time of the divorce. At the time of the hearing the father had quit this job and was working part-time as a nurse, earning approximately $850 per month. The father has, nevertheless, continued to meet his child support obligation of $100 per month.
The mother points out that ability to earn, as well as actual earnings, may be considered by the trial court to determine child support. Ebert v. Ebert, 469 So.2d 615
(Ala.Civ.App. 1985). It is true that the father is presently earning substantially less than at the time he was ordered to pay $100 per month child support. However, he continues to pay the ordered child support and supports, without help from the mother, who is also employed, the child he has in his custody. Moreover, there is little evidence that the needs of the daughter had materially changed since the divorce decree.
Based on all the evidence in the record, we cannot say that the mother has met her burden of proving such a change in circumstances as would warrant an increase in child support. Rule 32(A)(2)(i), A.R.J.A.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 919