The mother and the father were divorced in October 1985. Custody of their minor child was granted to the mother, and the father was awarded reasonable visitation rights. Temporary custody subsequently was granted to the Montgomery County Department of Pensions and Security, presently called the Montgomery County Department of Human Resources (DHR). In September 1986 custody was granted to the father. In August 1991 the mother filed the present petition to modify custody. The trial court did not modify custody, finding that the mother failed to show that changing custody would materially promote the best interests of the child. The mother appeals. We affirm.
At the outset we note that when there has previously been a judgment awarding custody to one parent, custody will be modified only upon a showing that a change in custody would materially promote the child's welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984). The noncustodial parent must show that material changes affecting the child's welfare have occurred since the most recent decree and that the positive good brought about by the modification would more than offset the inherently disruptive effect of uprooting the child from his or her present environment. Id.
We further note that the modification of child custody is a matter which is within the discretion of the trial court.Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App. 1984). Child custody cases which are presented ore tenus are presumed to be correct and will be altered only on a showing of abuse of discretion or plain and palpable error. Wesson v. Wesson,507 So.2d 536 (Ala.Civ.App. 1987). *Page 284 
The mother first contends that the trial court erred because, she claims, she was denied due process and equal protection and the trial court "committed prejudicial error and extreme bias." She claims that the trial court erred in allowing the father's attorney to represent the father when he had previously represented DHR in this matter. She also refers to several comments made by the trial court in its 1986 order awarding custody to the father as violating her constitutional rights and as being prejudicial. However, the record indicates that this issue was not raised at the trial level and that it is being raised for the first time on appeal. Therefore, this court will not consider it. Hutchins v. Sheppard, 370 So.2d 275
(Ala. 1979). Regarding the comments made in the 1986 order, we note that the 1991 order is before this court for review on appeal, not the 1986 order.
The mother next contends that she was denied access to the court because, she claims, the trial court denied her the opportunity to speak to the court. In support of this contention, the mother cites Roberts v. State, 346 So.2d 473
(Ala.Crim.App. 1977), wherein it states that every party has the right to be heard in person or by counsel. The record indicates that after the trial court announced its decision, the mother asked to speak to the court. The trial court then stated that she could speak through her lawyer. Clearly, the mother had the opportunity to be heard both through her own testimony and through representation by her attorney. Therefore, we find no merit to this contention.
Before the trial court may grant a change in custody, the mother is required to show that a change in custody would materially promote the child's welfare. See Ex parte McLendon,455 So.2d 863. The mother has not presented or argued this as an issue to this court; therefore, the trial court's judgment as to this issue is affirmed. Rule 28, Alabama Rules of Appellate Procedure; Mitchell v. Southern Guaranty InsuranceCo., 485 So.2d 1138 (Ala. 1986).
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, PJ., and THIGPEN, J., concur.