RUSSELL, Judge.
Linda Demaria Wilson (mother) and Eddie Joe Wilson (father) were divorced in August 1990. The custody of the minor child was awarded to the mother with the stipulation that the child not be removed from the state except for visitation or vacations.
On September 12, 1990, the mother filed a motion to force the sale of the home and for permission to leave the state with the child. The father filed an answer to the petition and a petition for modification, alleging that information had become available to him that was not available prior to trial and asking that the trial court grant him custody of the child. The mother then withdrew her request to leave the state. The trial court issued an order addressing several matters, but did not change custody-
*167 On March 13, 1991, the mother filed another petition requesting permission to move to Texas with her husband. The father answered the petition and requested that the divorce decree be modified to grant custody to him. On July 26, 1991, after a hearing, the trial court issued an order that continued custody of the child in the mother and allowed her to move to Texas with the child. The father filed a motion for reconsideration, for new trial, and to amend or vacate the judgment. After a hearing the motion was denied. The father appeals. We affirm.
At the outset we note that when a previous judgment has awarded custody to one parent, custody will be modified only when there is a showing that a change in custody would materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The noncustodial parent must show that material changes affecting the child’s welfare have occurred since the most recent decree and that the modification would bring about positive good that would more than offset the inherently disruptive effect of uprooting the child from his or her present environment. Id.
In addition, we note that the modification of child custody is a matter that rests within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). The judgment in a child custody case where the evidence is presented ore tenus is presumed to be correct and will be altered only on a showing of abuse of discretion or plain and palpable error. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
The father, who appears pro se in this appeal, first contends that the trial court erred when it did not allow a certain deposition to be read in court. However, the record reveals that, although the mother’s attornéy objected to the relevancy of the deposition, the parties agreed to the introduction of the deposition without it being read into the record. The trial court overruled that objection and admitted the deposition. No error here.
The father next contends that the trial judge erred in offering to the mother to recuse himself and not to the father. The record shows that the offer was made because several people in the community had contacted the judge and asked him to change his decision in the case. He stated that he would recuse himself if he felt compromised (which he apparently did not), but that if the mother felt uncomfortable with the situation, he would recuse himself. Clearly, people associated with the father, who by their actions apparently attempted to influence the trial court, caused the problem. We can find no error here.
Finally, the father contends that the trial court abused its discretion in awarding custody of the child to the mother when, he claims, the evidence showed the mother to be the less qualified parent.
First, we note that the evidence referred to by the father concerned incidents that predominantly occurred prior to the divorce and the previous custody action. The noncustodial parent must show that material changes that affect the child’s welfare have occurred since the most recent decree and that the positive good brought about by a modification would more than offset the disruptive effect of uprooting the child. McLendon, 455 So.2d 863. This the father has not done. The arguments presented are based on events that occurred prior to the divorce and seem to dispute the original grant of custody. These arguments should have been addressed to this court in an appeal from the original decree. We recommend to the father that any future attempts to modify custody be based on changes since the latest decree; otherwise, his attempts will be of no avail. Furthermore, the modification of child custody is a matter within the discretion of the trial court, and we do not find that there has been a showing of abuse of discretion or plain and palpable error.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.