RUSSELL, Judge.
The father filed a petition asking the trial court to modify a divorce decree which granted custody of his two minor children to the mother and to award him custody. The petition was denied as to the change of custody, and the father appeals. We affirm.
The dispositive issue is whether the trial court erred in denying the father’s petition for a change of custody.
We note that custody which has previously been awarded to one parent will be modified only when there is a showing that a change in custody would materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The noncustodial parent must show that material changes affecting the child’s welfare have occurred since the most recent decree and that the positive good brought about by the change would more than offset the inherently disruptive effect of uprooting the child. Id.
Furthermore, the modification of child custody is a matter that is within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). Where the evidence is presented ore tenus in a child custody case, the judgment is presumed to be correct and will be altered only on a showing of abuse of discretion or plain and palpable error. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
The father first contends that the trial court erred because, he claims, it did not properly consider the mother’s “sexual indiscretions.” He claims that the fact that several men had spent the night with the mother “occasionally” and had spent some time around the children had a detrimental effect on the children.
Evidence of indiscreet sexual conduct may be considered in custody modification actions; however, the party seeking the modification must demonstrate that the conduct has a detrimental effect on the welfare of the children whose custody is *1073 being sought. Wade v. Clark, 564 So.2d 982 (Ala.Civ.App.1990); Taylor v. Taylor, 563 So.2d 1049 (Ala.Civ.App.1990).
In the present case, in addition to the fact that the mother occasionally spent the night with men, the record indicates that the father lived with his present wife for four to five months prior to marrying her. There is no evidence that either party engaged in indiscreet sexual conduct in the presence of the children or that it had a detrimental effect on the children. Therefore, we hold that the trial court did not err in finding that this conduct of the mother alone is not a sufficient basis upon which to change custody.
The father next contends that the trial court’s decision is plainly and palpably wrong and that it amounts to an abuse of discretion. He claims that, because the children spent more time with their aunt and grandmother than with the mother, because the mother had an unsteady employment situation, and because the mother had financial problems, the mother does not have the best interests of the children in mind. He states that he can provide a stable home for the children which would materially promote their welfare.
The trial court found that the evidence presented by the father indicated that the mother has practically abdicated her parental responsibilities to the aunt and the grandmother and that the current custodial arrangement is questionable. However, it further found that the father has also abdicated a large part of his parental role and that he did not show that a change of custody to him would materially promote the welfare of the children.
After hearing the testimony, the trial court conducted a session with the children outside the presence of the parties or their attorneys. Reviewing the record with the attendant presumption of correctness, we hold that the trial court did not err in finding that the father has not shown that the requested change in custody would materially promote the welfare of the children. We further hold that the denial of the father’s petition was not an abuse of discretion and was not plainly and palpably wrong. Wesson, 507 So.2d 536. The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.