After 17 years of marriage, Daniel Mitchell ("the father") and Jenny Mitchell ("the mother") were divorced on December 19, 1997. Following an ore tenus hearing, the trial court ordered joint custody of their three minor children. The final order provided that the father would have primary physical custody during the children's school year and that the mother would have primary physical custody during the summer months. The order directed the mother to pay child support in the amount of $436 each month in which the father had primary physical custody and directed the father to pay child support in the amount of $1,097 per month when the mother exercised her right to primary physical custody. The mother was charged with the responsibility for providing medical insurance for the children as long as they could be included on the group health plan provided by Piggly Wiggly Stores.
The order further provided for the sale of the marital residence, with 60% of the equity to be distributed to the mother and 40% of the equity to be distributed to the father. The father was awarded all right, title and interest in his businesses, which included Easy Clean, Inc., Easy Lube of Russellville, and Easy Lube of Hamilton, L.L.C. The mother was awarded all title and interest in her Piggly Wiggly stock and in Williams *Page 1269 
Properties. The father filed a Rule 59 (e), Ala. R. Civ. P., motion which was denied by the court. The father appealed. This court remanded the case for compliance with Rule 32 (E), Ala. R. Jud. Admin., and Martin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994). The appeal is now before this court following remand.
Initially we note that in a divorce action in which the parents are seeking an initial award of custody, the parents stand on an equal footing; neither parent is afforded a presumption. Hall v.Hall, 571 So.2d 1176 (Ala.Civ.App. 1990). It is well settled that a trial court's determination of custody based on ore tenus evidence is presumed correct and will not reversed on appeal unless that determination is so unsupported by the evidence as to be plainly and palpably wrong. Brown v. Brown, 602 So.2d 429, 430
(Ala.Civ.App. 1992).
The father contends that the trial court erred in ordering joint physical custody for the three minor children despite undisputed evidence that the mother had engaged in an adulterous affair during the marriage and that she had abandoned the marital home. The mother testified that during the marriage she had been sexually active with a man other than her husband. The trial court has the discretion to consider a party's sexual misconduct as a factor in making a custody determination. Smith v. Smith,586 So.2d 916 (Ala.Civ.App. 1991). Before custody can be denied on this basis, however, the evidence must show that the misconduct has had a direct bearing on the child. Id. The evidence in the record shows that both parents love their children and would make adequate custodial parents. This court recognizes the unique position of the trial court in being able to observe witnesses first-hand and resolve issues pertaining to their credibility.Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App. 1990). Although this court does not condone the actions of the mother, we cannot say, in light of the presumption afforded the trial court's determination, that the trial court abused its discretion in awarding joint physical custody.
The father also contends that the trial court erred in calculating the amount of child support the mother was required to pay. Specifically, he argues that the trial court failed to impute to the mother income commensurate with her income-earning potential and failed to consider all of her sources of income.
The mother testified that her income had been $30,000 per year in her most recent job at Baptist Health Center in Haleyville; she had held that position for approximately 7 months. The mother further testified that she had earned $42,000 per year, while working for Burdick-West for more than 5 years. She quit that job in early 1997. She was unemployed at the time of trial.
Under Rule 32 (B) (5), Ala. R. Jud. Admin., a trial court must impute income to a parent and calculate his or her child-support obligation based upon that parent's potential income if "the court finds that [the] parent is voluntarily unemployed or underemployed." We note that the trial court, in its order, made the following specific finding: "The Plaintiff's income was imputed at the annual rate of $30,000 per year which is the amount the Plaintiff earned at her last regular employment." The determination of whether a parent paying child support is voluntarily underemployed or unemployed is discretionary with the trial court. Griggs v. Griggs, 638 So.2d 916 (Ala.Civ.App. 1994). In light of the discretion accorded the trial judge on this issue, and in light of the evidence indicating that the mother was most recently employed at an annual salary of $30,000, we cannot say the trial court erred imputing this amount of income to the mother.
The father also argues that the trial court failed to consider the additional income the wife received from her ownership interests in Piggly Wiggly, Williams Properties, and MM W Partnership. The parties' 1996 tax return is included in the record; it reflects an income of $5,311 earned in that year from Piggly Wiggly of Haleyville; $4,159 in income earned in that year from MM W Partnership; and $197 in income earned in that year from Williams Properties. In her income affidavit, the mother declared self-employment income in the amount of $165 per month and non-employment-related income in the amount of $675 per month, resulting in a total declared monthly income of $840. *Page 1270 
Rule 32, Ala. R. Jud. Admin., requires the trial court, when computing support obligations, to consider all sources of income of the noncustodial parent. The trial court has no discretion in the matter. Rule 32; Rogers v. Sims, 671 So.2d 714, 716 (Ala. Civ App. 1995). Rule 32 (B) (2) (a) provides that gross income includes "income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, . . . and interest." Our supreme court has recognized that the guidelines require the trial court to consider all of the resources of both parents and not simply their incomes. Exparte St. Clair County Department of Human Resources,612 So.2d 482, 483 (Ala. 1993). Thus, Rule 32 requires that the non-employment-related income that the mother reported in her income affidavit, which amount presumably represents the benefits she receives from her ownership in Piggly Wiggly, Williams Properties, and MM W Partnership, be included in her gross income for purposes of determining her child-support obligation.
In addition, we note that the mother testified that she was provided a company automobile. Rule 32 (B) (4) provides that inkind payments a parent receives should be "counted as income if they are significant and reduce personal living expenses." The mother testified that the car she drove as her personal automobile was a company car provided through Piggly Wiggly. Nothing in the record indicates that the judge considered the mother's unearned income or her company car in calculating the proper amount of child support in accordance with the Rule 32 child-support guidelines.
A trial court may deviate from the guidelines if the parties have agreed to the deviation or if the trial court finds the application of the guidelines to be unjust. Rule 32 (A) (i), (ii). A written finding, based on the evidence in the record and stating that the application of the guidelines would be unjust, is sufficient to rebut the presumption of correctness that is accorded the child-support guidelines. Rule 32, Ala. R. Jud. Admin.; Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App. 1996). Absent such a written finding justifying the deviation from the guidelines, a deviation is improper and an order based on it will be reversed. Id. In the present case, the trial court's order is silent regarding the application of the child support guidelines and contains no findings justifying a deviation from the guidelines.
We therefore reverse the judgment and remand this case for the trial court to redetermine child support, in accordance with the guidelines, taking into account the amount of the mother's unearned income as well as the fact that she is provided a company car, unless the trial court finds from the evidence that the application of the guidelines would be manifestly unjust.
The father also contends that the trial court erred in its division of the marital property. In a divorce case the division of property is not required to be equal, but it must be equitable according to the particular facts and circumstances of the case.Barnes v. Barnes, 521 So.2d 68 (Ala.Civ.App. 1988). The trial court has broad discretion in dividing marital property, and an order dividing marital property will not be reversed absent a palpable abuse of discretion. Montgomery v. Montgomery,519 So.2d 525 (Ala.Civ.App. 1987). This court has held that issues regarding child support, alimony, and property division are interrelated and that this court must review the trial court's judgment in its entirety when determining whether the trial court abused its discretion in regard to these matters. Hanna v. Hanna,688 So.2d 887 (Ala.Civ.App. 1997). On remand, we direct the trial court to reconsider the property division along with the issue of child support.
We affirm the judgment of the trial court as it relates to the issues of custody; we reverse it insofar as it sets an amount of child support and divides the marital property; and we remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 1271