YATES, Judge.
The parties were divorced in January 1987; the mother was awarded custody of the parties’ minor child, with the father having reasonable visitation rights. The record indicates that the parties were involved in several contempt and modification proceedings from May 1987 through 1997. In June 1992, following the filing of a petition to modify by the father, the court entered an order extending the father’s visitation during the summer months; ordering the father to pay $45.50 per month in child support, based on the child-support guidelines; and suspending the father’s child-support obligation during those summer months in which the child was in his care. In March 1998, the father petitioned for custody, alleging a material change in circumstances. The mother counter-petitioned, alleging that the father should be held in contempt for his failure to pay a child support arrearage of $889.44. She also sought an increase in child support, based on the increased needs of the child and the increased income of the father, and an attorney fee.
Following ore tenus proceedings, the court, on May 6, 1999, denied the father’s custody petition and granted the mother’s contempt petition, finding the father $384.96 in arrears in child-support payments and medical reimbursements to the mother as of April 27, 1999. In addition, the court increased the father’s monthly child-support obligation to $372, based on the increased cost of living and expenses for the child. The court also awarded the mother a $4,000 attorney fee. The father appeals.
The father argues that the court abused its discretion in requiring him to continue paying child support during those summer months in which the child is in his custody.
The mother testified that the court’s June 1992 order provided both parties with joint custody; however, she remained the custodial parent with the exception of the summer months, June through August, in which she exercised reasonable visitation. The mother stated that she worked for DiversiCare Management, earning approximately $52,500 per year, and that she provides health insurance for the child. We note that the father did not testify; however, the record indicates that his current monthly income is $2,531 and the mother’s monthly income is $4,400 per month. We conclude that there was no reason for the trial court to deviate from the child-support guidelines. Mitchell v. Mitchell, 723 So.2d 1267 (Ala.Civ.App.1998). The father was awarded a standard period of visitation during the summer months, and there was no testimony to indicate that the father would incur substantial costs while the child is in his care. The judgment as it relates to child support is affirmed.
The father also argues that the court abused its discretion in awarding an “outrageous” attorney fee.
We note the trial court’s discretion in awarding an attorney fee in domestic-relations cases. See Glover v. Glover, 678 So.2d 174 (Ala.Civ.App.1996) (modification proceeding upholding an attorney fee of $6,000). However, we also note the significant disparity in the parties’ income — the mother’s income is almost double that of the father’s. Further, this proceeding did not involve protracted litigation or complex legal issues. The father was found to be $384.96 in arrears and the mother was awarded an increase in child support based on the needs of the child. We conclude that, based on the evidence presented, the court abused its discretion in awarding a $4,000 attorney fee to the mother. We, therefore, reverse the judgment as it relates to an attorney fee and remand the case for farther proceedings. We note that Judge Crawley, in dissenting, cites Ex parte James, 764 So.2d 557 (Ala.1999), as *265 authority for upholding the wife’s attorney-fee award. Ex parte James was not a majority opinion (four Justices concurring; four Justices concurring in the result; one Justice dissenting). Therefore, that opinion is not controlling authority for the proposition stated.
The mother’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.