I concur with the main opinion insofar as it affirms the trial court's judgment on the issues of the failure to conduct a hearing on the mother's postjudgment motions, custody, and property division. However, I respectfully dissent regarding the issues of child support and visitation.
Regarding the issue of voluntarily unemployment or underemployment, this court has previously stated: "A determination that a parent is voluntarily unemployed or underemployed `is to be made from the facts presentedaccording to the judicial discretion of the trial court.'"Berryhill v. Reeves, 705 So.2d 505, 507 (Ala.Civ.App. 1997) (quoting Winfrey v. Winfrey, 602 So.2d 904, 905
(Ala.Civ.App. 1992)) (emphasis added). Furthermore, "[t]he determination of whether a parent paying child support is voluntarily underemployed or unemployed isdiscretionary with the trial court." Mitchell v.Mitchell, 723 So.2d 1267, 1269 (Ala.Civ.App. 1998) (citingGriggs v. Griggs, 638 So.2d 916 (Ala.Civ.App. 1994)) (emphasis added).
In the present case, the evidence established that the wife was earning $8.00 an hour plus commission in her prior position. The wife was discharged from that position due to complaints her employer had received regarding the wife's poor customer service. Thus, that discharge was a result of her own behavior. The wife was thereafter unemployed for approximately five months. The wife then obtained employment shortly before trial; however, she was unable to work 40 hours a week, partly because she was unable to travel for her job due to a lack of transportation.
Based on the foregoing facts, the trial court could have concluded that the wife was voluntarily underemployed. The trial court could have concluded that the wife's discharge was due to her own negligence in conducting her duties. See Van Houtenv. Van Houten, 895 So.2d 982, 987 (Ala.Civ.App. 2004) (affirming the judgment finding voluntary underemployment when a parent failed to comply with the requests of his employer and, as a result, was asked to resign).
Furthermore, because the wife does not have transportation and is unable to work 40 hours a week at her present position, the trial court also could have concluded that the wife could have found employment earning minimum wage where she was not required to travel. See J.L. v. A.Y., 844 So.2d 1221, 1226
(Ala.Civ.App. 2002) (plurality opinion) (affirming the judgment finding voluntary underemployment and imputing an income of full-time minimum wage when a parent was a full-time student, working part-time earning minimum wage); and Romano v.Romano, 703 So.2d 374, 376 (Ala.Civ.App. 1997) (affirming the judgment finding that that parent was capable of working and imputing an income of minimum wage).
Based on the foregoing reasons, I cannot conclude that the trial court's factual determination — that the wife had voluntarily forgone employment earning at least an income of minimum wage — was an abuse of discretion.
I also dissent regarding the issue of visitation. I join Presiding Judge Thompson's writing regarding that issue. *Page 499