This is a child custody case.
In May 1987 Barbara W. Procho filed a petition in the Juvenile Court of Tuscaloosa County, Alabama seeking custody of her three minor children. The children had been removed from the custody of the mother in a dependency proceeding in January 1986. In the 1986 order legal custody of the three children was awarded to the Department of Human Resources (DHR), and physical custody of the children was awarded to a great aunt.
After a hearing before a court-appointed referee, an order was entered retaining legal custody of the children in DHR and awarding physical custody of the children to the mother on a trial basis. DHR was required to report periodically to the court concerning the status of the children and mother. The juvenile court judge approved and adopted the order of the referee. In *Page 682 
his order the juvenile court judge held that it was unnecessary for the mother to prove that a change in custody would materially promote the best interests of the children. He said that the mother was required to prove only that she had rehabilitated herself and that the conditions causing dependency no longer existed. The juvenile court judge then found that the mother was entitled to physical custody of the children subject to the supervision of DHR and the comparable agency in the state of Florida. (The mother presently lives in Florida).
The guardian ad litem for the children appeals to this court and asserts that the juvenile court used the wrong legal test. The guardian ad litem contends that the juvenile court should have required the mother to prove that placing custody in her would materially promote the best interests of her children. In support of his contention the guardian ad litem cites us to the case of Matter of Moore, 475 So.2d 882 (Ala.Civ.App. 1985).
In Moore the parents sought the return of legal and physical custody of their child. They had been deprived of the legal and physical custody of their child in a dependency proceeding about one and one-half years before the filing of their petition. At the time of the custody order, the trial court awarded legal custody to DHR and physical custody to the paternal grandparents. The juvenile court denied the parents' request.
On appeal this court said that a parent seeking to regain custody of a child, which custody had been lost by a prior court decree, must prove that a change in custody will materially promote the best interests of the child. Moore. The juvenile court's judgment was affirmed.
In the case at bar the juvenile court specifically held that the test was not whether a change in custody from the non-parent to the parent who had previously lost custody by a prior decree required the parent to prove that the change in custody would materially promote the best interests of the child. The juvenile court said that the parent was required to prove only that the causes for the declaration of dependency have been removed and that she has taken the required steps for rehabilitation as a parent.
A review of the record reveals that the evidence heard by the referee was concerned mainly with the rehabilitation of the mother and her present fitness to have custody of the children. There is very little evidence relating to the aunt's custody of the children and the disruptive effect of uprooting the children and returning them to the mother.
Because of the application of the wrong legal test, the judgment of the juvenile court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HOLMES and INGRAM, JJ., concur.