In July 1989 the mother, Grace Odom, filed a petition seeking a return of the custody of her two minor children. In 1987 these children, along with an older sister who has since married, were removed from the mother's custody and placed in the custody of the Crenshaw County Department of Human Resources upon being determined by the court to be "dependent" under § 12-15-71, Code 1975.
After an ore tenus proceeding the court denied the mother's request for a change of custody, but awarded the mother certain limited visitation rights. The mother appeals and asserts that the trial court abused its discretion by failing to return custody of the children to her.
A "parent seeking to regain custody of a child, [when] custody had been lost by a prior court decree, must prove that a change in custody will materially promote the best interests of the child." Shields v. Department of Human Resources,531 So.2d 681, 682 (Ala.Civ.App. 1988); Ex parte McLendon,455 So.2d 863 (Ala. 1984).
When ore tenus evidence is presented to a trial court in a child custody proceeding, the court's findings are presumed correct and will not be reversed unless the evidence is so insufficient as to indicate that the findings are plainly and palpably wrong. See, Cochran v. Lowe, 532 So.2d 1265
(Ala.Civ.App. 1988).
The record reveals that in 1987 the Crenshaw County DHR filed a petition asserting that the daughters of Grace Odom were "dependent," and that two of the daughters had been "subject to sexual abuse by Ronald Odom." After a hearing, the children were removed from the Odom home and placed in the custody of DHR. The court stated that "the mother in all other respects has been a good provider and mother to the children, except she has condoned the actions of her husband concerning sexual abuse to the children, either by ignoring such abuse or indirectly condoning the same." No appeal of that judgment was prosecuted.
On motion of DHR an order was entered which directed both Grace and Ronald Odom to pay certain monies to DHR while the children were in DHR's custody.
Another order was entered in January 1989 which released the eldest daughter from the custody of DHR, The trial court also ordered: "[t]hat [DHR] will work with the mother, and she with [DHR], to determine if the children might be returned to [the mother] and that if this is possible, that the permanent plan [of long-term foster care] for the children will be changed at that time."
The mother filed a petition for custody of the two younger daughters, which stated in part: "Custody of said minor children was removed from her due to the alleged activities of her husband, Ronald Odom, and Ronald Odom is currently incarcerated and thus is not a threat to the minor children."
At the hearing of the mother's petition, she and a daughter were the only witnesses. The daughter testified that she is living with cousins, that she has attended two counseling sessions with her mother present, and that she wanted to move back and live with her mother. However, she stated that she did not want to live with her mother if Ronald Odom were also to live in her mother's home.
Grace Odom testified that she has a job as a licensed practical nurse. She is married to Ronald Odom and continues to visit him while he is imprisoned. She stated that she intended to continue her relationship with Ronald Odom unless she is ordered to sever all relationship with him as a condition of the return of the children. She continues to say that she does not believe that Ronald Odom sexually abused either *Page 524 
of her daughters, notwithstanding his conviction for second degree "sexual abuse" and the accusation of the children. She stated that she received "absolutely nothing" from attending the counseling sessions with her daughters.
The record indicates that the mother's financial situation has improved, but this is dependent upon working long hours. The mother stated that her ability to work long hours would necessarily be curtailed if she were awarded custody of the children. She remarked that if she were awarded custody and her work hours decreased that she would probably qualify for food stamps.
After careful review of the record we find no evidence which shows that the welfare of the children would be materially promoted by a return of their custody to the mother.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.