This is a child custody case.
S.M. is the mother of N.M., L.M., and three other children, who are not involved in this appeal. At the time of these proceedings, S.M. was 34 years old, N.M. was 12, and L.M. was 11. S.M. was married to the father of N.M. and L.M. for five years before they separated, and he subsequently committed suicide.
On August 4, 1989, the Jefferson County Department of Human Resources (DHR) filed dependency petitions on all five children after the concurrent hospitalization of L.M. and the oldest child (E.M.) for treatment after overdosing on medicine that was believed to belong to S.M. DHR filed petitions alleging neglect and inadequate supervision by the mother due to the questionable circumstances of the overdoses.
A shelter care hearing was conducted on August 4, 1989, and custody of all five children was temporarily placed with the paternal grandmother of N.M., L.M., and E.M. On August 7, 1989, the children were placed in shelter care by DHR. On August 8, 1989, custody was placed with the maternal grandmother, who kept the children until she asked for relief from the juvenile court on October 2, 1989, as she could no longer care for the children.
The record reveals that on October 2, 1989, the children were found dependent by agreement of all of the parties. S.M. and her attorney were present at this hearing. At that time, the paternal grandmother of the three children was granted custody of all of the children except E.M. who was returned to the mother's custody.
All four children remained there until September 1990. At that time, the court reviewed the case and allowed custody of N.M. and L.M. to remain with their paternal grandmother, and at her request, placed the two children who were not her biological grandchildren back with DHR. In February of 1991, these two children were returned to S.M.
At the last review hearing in this cause, DHR asked that the case be closed and requested relief from supervision of the children if reunification of all five children with S.M. was not achieved. At this hearing, the trial court ordered the "case closed" and granted custody of N.M. and L.M. to their paternal grandmother, leaving custody of the other three children with S.M.
On April 19, 1991, S.M. filed a motion for reconsideration and a hearing was held. *Page 977 
The trial court heard testimony on behalf of S.M. in contradiction to certain allegations made previously by the paternal grandmother. The trial court then denied the motion for reconsideration and S.M. appeals.
From the outset, a point of clarification is necessary regarding the trial court's order that the case was closed after the April 19th hearing. A court's jurisdiction over a child custody matter is continuous until the child reaches the age of majority. Collier v. Collier, 57 Ala. App. 208,326 So.2d 769 (1976). Although a decree may appear final in a particular set of circumstances before the court, these circumstances are subject to change and may be modified in appropriate situations. Collier. In other words, the court's jurisdiction over N.M. and L.M. is ongoing.
The dispositive issue is whether the trial court committed error by denying S.M. custody of her two children.
It is well-settled in Alabama that a natural parent has a prima facie right to the custody of his or her child. Ex parteMathews, 428 So.2d 58 (Ala. 1983). ". . . [W]hen a contest between a parent and a third person arises for custody of a child, the parent is deemed to have a superior claim to custody unless it plainly appears that the interest of the child requires it to be set aside." Ex parte Terry, 494 So.2d 628,630 (Ala. 1986) (citing to Ex parte Berryhill, 410 So.2d 416
(Ala. 1982)). In interpreting Berryhill, this court stated,
 "We consider this to mean nothing more than that for a third person to overcome the presumptive superior right of a parent to the custody of his or her child, there must be clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interest of the child will be served by granting custody to the third person."
Terry, supra, at 630. This standard, however, does not apply in every circumstance.
On October 2, 1989, S.M. agreed that her children were dependent at that time, and custody of N.M. and L.M. was granted to the paternal grandmother. After this hearing, S.M. lost her prima facie right to the custody of her children because a parent's superior right to custody of her children does not apply after a voluntary forfeiture of custody or a prior decree removing custody from a natural parent and awarding it to a non-parent. Terry, supra.
If this had not occurred, S.M. would have been correct in her contention that the trial court must find by clear and convincing evidence that she is unfit or unsuited for custody before it can award custody to a non-parent.
Due to this prior decree awarding custody to the paternal grandmother, the burden shifted to S.M. to establish that a change in custody would materially promote the best interests of N.M. and L.M. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). This "McLendon" standard applies to divorce child custody cases and to juvenile dependency cases such as this one. See e.g.,Odom v. State Department of Human Resources, 562 So.2d 522
(Ala.Civ.App. 1990); Shields v. State Department of HumanResources, 531 So.2d 681 (Ala.Civ.App. 1988); Moore v. StateDepartment of Pensions and Security, 475 So.2d 882
(Ala.Civ.App. 1985).
S.M.'s burden of proof in the instant case was explained inMcLendon, supra. In that case, the parents of a child were divorced in 1980 and custody was awarded to the paternal grandparents by agreement of all parties. Two years later, the mother sought modification of the decree to regain custody. The facts revealed that the mother had remarried and was able to provide a stable and wholesome environment for the child. This court held that because the mother had met her burden of showing a change in circumstances since her 1980 divorce, granting her custody of her child was in the best interests of the child.
Our supreme court however, reversed, holding that the burden rested with the mother to demonstrate how a change of custody would materially promote the child's welfare. Finding that a change in circumstances was not enough in her case, the court held for the grandparents stating that: *Page 978 
 "[t]he parties are equally capable of taking care of the child, and both would provide her with a nurturing, loving home. The most that the mother has shown is that her circumstances have improved, and she is now able to provide for the child in the same manner in which the grandparents have been providing for her. She failed to show that changing the custody materially promotes the best interests of the child."
McLendon, supra, at 866 (emphasis in original).
The rationale behind this standard lies in the goal of condemning frequent disruptions in the life of the child. In order for a court to uproot a child and place him or her in a new environment, it must be convinced that to do so would be in the best interests of the child. McLendon, supra.
Similar to the mother in McLendon, S.M. has improved her circumstances by moving into a bigger apartment and maintaining a job. The record does not show that S.M. is an unfit mother.
The record reveals that S.M. was directed by DHR to participate in remedial programs, and that she has cooperated with DHR in regular attendance in counselling and in the submission of drug testing or screening, and these tests have all returned negative. The evidence also shows that S.M. has continued to maintain employment as well as stable housing. Reportedly, the three children who are living with her are doing well.
Unfortunately, her present circumstances and the lack of evidence in the record that she is an unfit mother are not sufficient to warrant a change of custody, absent evidence that the change would materially promote her children's best interests.
In a child custody case where, as here, the evidence is presented ore tenus, a presumption of correctness applies to the judgment of the trial court. Odom v. State Department ofHuman Resources, 562 So.2d 522 (Ala.Civ.App. 1990). Because the trial court has the opportunity to observe the parties on the stand and in the courtroom, the judgment of the trial court will not be disturbed on appeal unless it is unsupported by the evidence, and therefore, plainly and palpably wrong and unjust.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
In the instant case, for approximately two years, the trial court presided over eleven different hearings involving the custody of these two children. Accordingly, we defer to the trial court's judgment on the weight of the evidence presented to it.
Additionally, the record contained some evidence indicating a change in custody would not be in the best interests of the children. First, the record reveals that N.M. made allegations and testified in trial against the putative father of two of S.M.'s children for allegedly raping N.M. in April 1988. Although the father was acquitted, undoubtedly this experience was traumatic for the child.
Second, these two children have been living with their paternal grandmother since October of 1989, and the testimony revealed that both children have adamantly expressed a desire to remain with her. The children's counselor testified that, "[t]hey (N.M. and L.M.) seem to clearly feel that their lives are safer, more stable and more comfortable in their present surroundings."
After reviewing all of the evidence in a custody case, the trial court weighs certain factors including the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of those seeking custody, including age, character, stability, mental and physical health, and their respective home environments.Bark v. Bark, 479 So.2d 42 (Ala.Civ.App. 1985).
The court then considers all the evidence and decides which party would better promote the child's best interests at this time. In the instant case, S.M. failed to carry her burden of proof. She did not present sufficient evidence to prove that granting custody to her would materially promote the best interests of her children. The trial court determined that the children would not materially benefit from a change of *Page 979 
custody from their grandmother to S.M. The evidence supports this conclusion and we cannot find that the trial court was plainly or palpably wrong in reaching this decision.
Accordingly, we affirm the trial court.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.