This is a child custody and child support case. Rooney Blackmon (father) and Elizabeth Blackmon Scott (mother) divorced in 1989. Although the divorce judgment is not a part of this record, the parties, through their pleadings, agree that the judgment provided that the parties will have joint custody of the minor child of the parties, "with the [mother] having primary custody and [the father] having secondary custody" with specified visitation.
In August 1991, the father filed a petition for modification, alleging, inter alia, that the mother had failed to provide a stable environment for the child, that she and her present husband drank alcoholic beverages in the child's presence, and that the mother and her husband had violent confrontations in the presence of the child. *Page 394 
He further alleged that the mother had changed residences many times since the divorce, causing additional hardships for the child. The record reveals that at the time of this action, the mother was divorcing that husband. In her answer to the father's petition, she counterclaimed, seeking an increase in child support.
Following ore tenus proceedings, the trial court denied the father's petition for custody, increased the child support obligation, and retained "primary custody" in the mother. The father appeals, asserting that the trial court's order denying his custody request is not supported by the evidence presented at trial, and therefore is due to be reversed.
We begin by noting that after the trial court has heard evidence in a child custody case, our review of the resulting order is limited because of the recognition that the trial court was presented the evidence ore tenus. Sparks v. Sparks,451 So.2d 357 (Ala.Civ.App. 1984). The trial court's order is afforded a presumption of correctness, and we will not reverse it absent a finding of an abuse of discretion or a determination that the judgment was not supported by the evidence and that it is therefore plainly and palpably wrong.Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App. 1985).
As a general rule, a parent seeking modification of a previous order granting custody bears the burden of proving that such a change in custody will materially promote the child's best interests. Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The stringent standard of McLendon, however, does not always apply in joint custody situations. Ex parte Couch,521 So.2d 987 (Ala. 1988). The father argues that this is his position in the instant case. Couch involved joint legal custody and shared physical custody of the children where no judicial determination had been made preferring either parent. Therefore, when the father in Couch sought custody, our Supreme Court applied the "best interests" standard, placing both parents on equal ground to gain custody of the children. In the instant case, the parents had joint legal custody, but there was a previous judicial determination that placed "primary custody" with the mother and "secondary custody" with the father. Therefore, here, the trial court was correct in applying the McLendon standard and requiring the father to show that a change in custody would materially promote the welfare and best interests of the child, offsetting the disruptive effect of uprooting the child. Jenkins v. Jenkins, 541 So.2d 19
(Ala.Civ.App. 1989).
We have carefully and thoroughly reviewed the record, mindful of the attendant presumptions, and find that the denial of the father's petition was not an abuse of discretion and was not plainly or palpably wrong. Wesson v. Wesson, 507 So.2d 536
(Ala.Civ.App. 1987). The father has failed to show that a change of custody would materially promote the welfare and best interests of the child. McLendon, supra. The father contends that the mother's remarriage, replete with episodes of drunkenness and physical abuse, adversely affected the child; however, he failed to show any adverse effect on the child. Further, while the mother has experienced several changes of residence and erratic employment, nevertheless, the child continues to make good grades in school and appears unaffected. The father's own expert, a licensed counselor, testified that the child was very well adjusted, very personable for someone his age, and that the child gave no indication of emotional trauma in his life. Although the father offers stability and an adequate home for his child, he simply fails to show a substantial reason to justify a custody modification at this time. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990).
Based on the foregoing, we find that the evidence supports the trial court's conclusion that the father failed to meet theMcLendon standard, and we conclude that the trial court's judgment was not an abuse of discretion and was not plainly or palpably wrong. *Page 395 
The mother's request for an attorney's fee on appeal is hereby granted in the amount of $500.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.