THIGPEN, Judge.
This custody case involves a petition regarding a child in need of supervision (CHINS). See Ala.Code 1975, § 12-15-50 et seq.
These parties have previously been before this court. For pertinent information, refer to S.M. v. State Department of Human Resources, 598 So.2d 975 (Ala.Civ.App.1992). In that case, N.M., a dependent minor, was placed in the custody of her paternal grandmother in October 1989.
In May 1992, the paternal grandmother filed a CHINS complaint, alleging that N.M. had recently run away from home at least three times, that she had fought with her brother, and that she frequently used profane language. Consequently, N.M. was placed in a CHINS shelter cottage. N.M. filed motions seeking to dismiss the CHINS *449 petition and to change N.M.’s custody. Following ore tenus proceedings, the trial court found, inter alia, that the allegations in the grandmother’s CHINS petition were true and that N.M. was in need of care and rehabilitation. The trial court ordered N.M. to be returned to her grandmother’s custody. N.M.’s post-judgment motion was denied and she appeals.
N.M. contends on appeal that: 1) the trial court erred in finding her to be in need of supervision; 2) the trial court erred in refusing to hear evidence on her motion to change custody to her natural mother; 3) she should be returned to her mother’s custody as a matter of law; and 4) the trial court abused its discretion in returning her to her grandmother’s home and not placing her in the custody of the Department of Human Resources (DHR).
Ala.Code 1975, § 12-15-71(c), states, in pertinent part:
“If a child is found to be delinquent or in need of supervision, the court may make any of the following orders or dispositions for his supervision, care and rehabilitation:
“(1) Permit the child to remain with his parents, guardian or other custodian, subject to such conditions and limitations as the court may prescribe.”
The primary issue is whether there exists clear and convincing evidence to support the trial court’s determination that N.M. is in need of supervision. Ala.Code 1975, § 12-15-65(e); Anonymous v. Anonymous, 504 So.2d 289 (Ala.Civ.App.1986). The history of this ease discloses that the natural mother lost her prima facie right to custody of N.M. after N.M. was hospitalized for overdosing on medicine which was believed to belong to the mother. S.M., supra. Additionally, in previous actions, N.M. testified in the criminal trial of her mother’s boyfriend that the boyfriend had raped her, and N.M. expressed an adamant desire to remain with her grandmother. S.M., supra. N.M. acknowledged to mental health counselors that when the natural mother relocated near the grandmother, the mother began sending messages through intermediaries to N.M., urging her to act disruptively in order to jeopardize the grandmother’s custody of N.M. The grandmother testified that N.M.’s behavioral problems started at this time. At trial, N.M. alleged that her uncle, who also lives with her grandmother, was sexually abusing her; however, she subsequently recanted this charge.
Under the circumstances of this case, we find that the trial court’s determination that N.M. is in need of supervision is amply supported by the evidence. Further, the trial court did not abuse its discretion in failing to change N.M.’s custody to her natural mother. Under the statute, there exists no presumption that a CHINS should be placed in the natural parent’s custody. Wallace v. Pollard, 532 So.2d 632 (Ala.Civ.App.1988). Likewise, the trial court did not err in failing to place N.M. in the custody of the DHR. Wallace, supra.
N.M. repeatedly attempted to raise the issue of custody at trial, despite the admonition of the trial court:
“THE COURT: This is not a custody case, so let’s not try the custody case over. I have already determined in another hearing that her mother is not the appropriate person to have her.
[[Image here]]
“[N.M.’s attorney]: Your Honor, would you hear testimony as to change of circumstances?
“THE COURT: Not in a CHINS case. That would not be appropriate in a CHINS case. That’s a petition to modify custody. That would require a whole other vehicle and notice to parties who aren’t before the Court on that matter....”
The trial court properly refused to consider N.M.’s evidence regarding custody and made a proper disposition of the case, considering the evidence presented. Ala.Code 1975, § 12-15-71(c)(l). Accordingly, N.M.’s issues regarding custody will not be considered on appeal.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.