PER CURIAM.
This case originated with a petition filed on July 29, 1992, by the chief juvenile probation officer in Franklin County, Alabama, alleging that T.J.R., 12 years of age, was dependent and in need of supervision.
Following an “adjudicatory and disposi-tional hearing” held on August 6, 1992, the trial court found that the minor child was in need of supervision and that the child had no parent who was capable at that time of providing proper care and supervision. The trial court further found that it would be in the best interests of the child for the Franklin County Department of Human Resources (DHR) to have legal custody, with placement in the home of O.L.H., the child’s great-uncle. See § 12-15-71(c)(3)(d), Code 1975. The trial court ordered that the matter be set for judicial review on February 5, 1993, and that DHR prepare home studies of the homes of the mother and the great-uncle.
Following judicial review in February 1993, the trial court found that DHR had made reasonable efforts to reunite the child with his family and to make it possible for the child to return to his home. The court further found that it would be contrary to the welfare and the best interests of the child to return the child to his family and that continuation of the child’s relative placement would be in the best interests of the child.
The mother appeals, contending that the trial court’s judgment was not supported by clear and convincing evidence.
A decision by the trial court based on ore tenus evidence is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Brazier v. State Dep’t of Human Resources, 554 So.2d 1049 (Ala.Civ.App.1989).
The mother asserts that certain changes have taken place so that it would be in the child’s best interests to be in her custody. She has joined Alcoholics Anonymous in order to deal with her alcohol abuse, and she testified that she no longer allows undesirable persons to hang around her house. Both of these problems contributed to her loss of custody in the original hearing.
The record reflects that the mother’s ability to care for the child has not improved. Kendra Newton, a social worker with DHR, testified that there has been a tremendous improvement in the child’s grades since he began living with the great-uncle. She further testified that the child was absent from school only 1⅜ days during the time that he lived with his great-uncle, in contrast to the 35 days of absence while he was in his mother’s care.
Moreover, Mrs. Newton testified that the child had become more active in school, that he was on the basketball team, that he was well behaved, and that he had been removed from the learning disabilities classes and had been placed in regular seventh-grade classes. *854 Mrs. Newton recommended that the child remain in the care of his great-uncle.
The mother testified that she had problems getting the child to go to school. The great-uncle testified that the child enjoys going to school now and that he has never had problems getting him to go to school.
We find that the evidence clearly supports the trial court’s findings. The trial court’s judgment is affirmed on the authority of Shields v. Department of Human Resources, 531 So.2d 681 (Ala.Civ.App.1988).
AFFIRMED.
Ml the Judges concur.