SAM A. BEATTY, Retired Justice.
D.N., the mother, appeals from the trial court’s order denying her motion requesting modification of a prior order awarding primary physical custody of her two children, F.W. and C.W., to T.B. and J.B.; and from the trial court’s order modifying her visitation schedule with C.W. We affirm.
The case originated in March 1991 on the verified petition of the mother, wherein she alleged an inability to discharge her responsibilities as a parent because of a lack of financial resources and requested that custody of her children be awarded to J.B., the sister of a former husband. In the course of numerous hearings, the trial court appointed a guardian ad litem for the children and required the mother to submit to drug testing; the Alabama Department of Human Resources (“DHR”), J.B. and her husband, T.B. (“the custodians”), and F.H., F.W.’s biological father, intervened; and the parties stipulated that the children were dependent. Ultimately, in April 1994, the trial court awarded the custody of the children to the custodians pursuant to an agreement of the parties.
In September 1994, the mother filed a “motion for reconsideration,” seeking to regain custody of the children. The trial court treated the motion as a request for modification of its earlier custody order. Her motion was opposed by the custodians and F.H. In January 1995, the court entered an order in which it held that, although the mother had improved her circumstances, a modification of custody would not promote the children’s best interests and welfare. The court determined that whatever “positive good” might result from granting custody to the mother would not overcome “the psychological, emotional, and disruptive stress caused by changing custody of the children.” The trial court ordered that the visitation schedule set out in its order of April 1994 for the mother and F.H. with F.W. remain in effect, but requested recommendations regarding a visitation schedule for the mother with C.W. In March 1995, the trial court entered an order in which it provided a modified visitation schedule between the mother and C.W. The mother appealed from both orders.
The mother advances several arguments in support of her appeal. She first argues that the trial court never had jurisdiction of the case because of technical defects in her dependency petition. We disagree. Section 12-15-80, Ala.Code 1975, gives the juvenile court exclusive and original jurisdiction of proceedings wherein a child is alleged to be dependent and in proceedings to determine custody when the child is otherwise before the court. Here, the mother herself, by verified petition, alleged the dependency of the children. See § 12-15-52, Ala.Code 1975; S.D. v. State, 602 So.2d 1206 (Ala.Crim.App.1991), aff'd, Ex parte S.D., 602 So.2d 1209 (Ala.1992). Any technical defects in the petition would have made it voidable by proper objection, but not void for lack of jurisdiction. S.D., 602 So.2d at 1208-09. Moreover, following a hearing held after DHR had intervened with farther allegations of dependency, the trial court made a finding of dependency, and no appeal was taken from that ruling. It is clear, therefore, that the court below had jurisdiction of the subject matter and of the parties.
The mother also argues that the trial court erred in finding dependency. We note that this finding was based not only upon the mother’s verified petition, but also upon the intervention of DHR and the stipulation of dependency by the parties in open court. We find no error in the trial court’s determination that the children were dependent.
The mother next attacks the trial court’s application of the “McLendon rule,” Ex parte McLendon, 455 So.2d 863 (Ala.1984), in which our supreme court stated:
“It is not enough that the parent show that she has remarried, reformed her lifestyle, and improved her financial position. The parent seeking the custody change must show not only that she is fit, but also that the change of custody ‘materially promotes’ the child’s best interest and welfare.”
At 866 (citations omitted). Because the children are living with people to whom they are not biologically related, the mother contends that the trial court should have applied the standard set forth in Ex parte Terry, 494 *211 So.2d 628 (Ala.1986), which states that as between a biological parent and a third person, “ ‘the superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child require it to be set aside.’ ” At 682 (quoting Ex parte Berryhill, 410 So.2d 416, 417 (Ala.Civ.App.1982)). In Terry, however, there was no prior judgment awarding custody to a third person, as there is in this case.
As this court stated in S.M. v. State Dep’t of Human Resources, 598 So.2d 975 (Ala.Civ.App.1992), the Terry standard does not apply in every circumstance in which a custody dispute arises between a parent and a third person. A parent’s superior right to custody of her children does not apply after a voluntary forfeiture of custody or a prior judgment removing custody from a biological parent and awarding it, even temporarily, to a third person. S.M., 598 So.2d at 977. See also C.G. v. C.G., 594 So.2d 147,149 (Ala.Civ.App.1991), in which this court held that in the case of a temporary custody award, the McLendon standard is activated when the biological parent seeks to regain custody and that a parent’s presumptive superior right does not apply. Furthermore, the McLendon standard applies both to custody questions arising in divorce actions and in juvenile dependency cases such as this one. S.M., 598 So.2d at 977. The trial court properly employed the McLendon standard.
The mother also contends that the trial court erred in allowing the custodians to retain custody of the children. The mother maintains that because the court below did not find her to be unfit, it should have awarded the children to her. Indeed, the mother adduced evidence demonstrating a material change in her circumstances: she had remarried, improved her financial position, obtained an adequate home environment, attended counseling and parenting classes, and taken numerous drug tests, all of which registered negative. The record also indicates, however, that C.W., the older child, has on several occasions been adamant in her refusal to reunite with her mother. In this case, as in Blackmon v. Scott, 622 So.2d 393 (Ala.Civ.App.1993), the court below found that a change of custody to the mother would have a disruptive effect upon the children.
After a trial court has heard evidence in a custody case, our review of the resulting order is limited because we recognize that the evidence was presented to the trial court ore tenus. Id. at 394. We afford the trial court’s judgment a presumption of correctness, and we will not reverse it unless we find that the trial court abused its discretion or we determine that the judgment was not supported by the evidence and is plainly and palpably wrong. Id. As in S.M., we have before us here a case in which a mother who has improved her circumstances and has not been found to be an unfit parent seeks to regain custody of her children from a third person. As we said in S.M., however, the mother’s “present circumstances and the lack of evidence in the record that she is an unfit mother are not sufficient to warrant a change of custody, absent evidence that the change would materially promote her children's best interests.” 598 So.2d at 978. See also McLendon, 455 So.2d at 866. The trial court here held that “the evidence presented does not warrant [a finding] that a change of custody would materially promote the children’s best interest and welfare.” We find no abuse of discretion in that decision.
Finally, the mother argues that the trial court erred in reducing her visitation with C.W. to one Saturday per month. A trial court has wide discretion in determining visitation rights, both at initial custody proceedings and at modification proceedings. Fanning v. Fanning, 504 So.2d 737, 739 (Ala.Civ.App.1987). We will not reverse the ruling of the trial court in this regard absent a plain and palpable abuse of discretion. Id. C.W., who is 12 years old, testified at the trial. The record clearly shows that she bears extensive animosity and hostility toward her mother. The record also contains testimony and reports from one of C.W.’s teachers and her counselor regarding her negative feelings about visitation with her mother. In this case, the trial court’s decision to reduce the mother’s visitation is supported by the evidence, and we. cannot say that it was an abuse of judicial discretion. The primary consideration in setting visita *212 tion schedules is the best interest and welfare of the child. Id.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.