793 So.2d 799 (2001)
A.H.
v.
R.M.
2990847.
Court of Civil Appeals of Alabama.
January 12, 2001.
*800 L. Scott Johnson, Jr., Montgomery, for appellant.
Kelli F. McDaniel, Montgomery, for appellee.
CRAWLEY, Judge
On April 19, 1999, R.M. (the "father") was awarded custody of his two children, pursuant to a dependency petition in which he alleged that A.H. (the "mother") had been committed to a state mental hospital. In January 2000, the mother filed a petition seeking to have the children returned to her custody. The trial court denied that petition. The mother appeals. We affirm.
The mother testified that she has recovered from the mental condition that had caused her commitment. However, she either could not, or did not, explain her diagnosis. She is a schizophrenic who is required to take medication; she described her diagnosis as a nervous condition. Carla Carson, a Department of Human Resources caseworker assigned to the case, testified that the mother's adult daughter had indicated to her (Carson) that she thought the children should remain with the father because the mother had not fully recovered from her breakdown and because the added stress of caring for the children might result in a recurrence of her mental instability. The mother, when asked why the children should be returned to her custody, explained that she had given birth to them, that they had been with her most of their lives, and that her original loss of custody was "not fair." She provided no evidence concerning how a change in custody would materially promote their best interests or would outweigh the detrimental effect of uprooting them.
The father is not the model parent. He leaves the children quite often in the care of an older neighbor, Charlie Crittendon. He has used corporal punishment on the children, whipping them with a belt a few times. He was also convicted of assaulting his ex-wife 21 years ago.
The mother argues that the Custody and Domestic and Family Abuse Act, Ala.Code 1975, §§ 30-3-130 through -136, applies and mandates a reversal of the trial court's denial of her petition for custody. See Davis v. Davis, 743 So.2d 486, 487 (Ala.Civ.App.1999), and Fesmire v. Fesmire, 738 So.2d 1284, 1287-88 (Ala.Civ. App.1999). We disagree. The trial court heard evidence of the father's conviction for assault and decided it was too remote to trigger the presumption that custody should not be awarded to the father in this case. We agree with that conclusion. Although acts of domestic violence are made relevant by the statute, not every act of domestic violence will result in the application of the statute. Certainly, a trial court can decide that an incident of domestic violence is too remote in time to have any bearing in a current child-custody matter. "Questions of materiality, relevance, and remoteness of the evidence rest largely with the trial [court]," AmSouth Bank, N.A. v. Spigener, 505 So.2d 1030, 1041 (Ala.1986), and "[r]ulings on the admissibility of evidence are within the sound discretion of the trial [court] and will not be disturbed on appeal absent an abuse of that discretion." Bell v. T.R. Miller Mill Co., 768 So.2d 953, 959 (Ala.2000).
When the mother asked the court to return the children to her custody, *801 she undertook the heavy burden of proving that a change in custody would materially promote the children's best interests and that any disruption caused by that change would be offset by the benefits of the change. Ex parte McLendon, 455 So.2d 863 (Ala.1984); see also S.M. v. State Dep't of Human Resources, 598 So.2d 975, 977 (Ala.Civ.App.1992). Although she has shown that the circumstances have changed, in that she is no longer in a mental institution, the mother has not met the extremely high standard set by McLendon. See S.M., 598 So.2d at 978. The trial court heard the evidence, and its determination that the mother had not shown that custody should be changed is presumed correct. Id. After reviewing the evidence, we cannot say the mother met the requirement that she prove that a change in custody would materially promote that children's best interests and that the disruption caused by such a change would be offset by the benefits of that change. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.