THOMPSON, Presiding Judge.
On December 17, 2009, L.S. (“the mother”) filed petitions in the juvenile court seeking a modification of custody of her two children, A.P. and K.P. In her modification petitions, the mother alleged that the juvenile court had earlier entered an order pertaining to each child awarding custody to P.A., their paternal grandmother, and M.A., their paternal step-grandfather. The paternal grandparents opposed the mother’s custody-modification petitions, and they filed pro se petitions seeking an award of “full custody” of each of the children. The paternal grandparents were represented by counsel at an ore tenus hearing on the petitions.
On December 8, 2010, the juvenile court entered judgments finding that each child was “no longer dependent” and awarding custody to the mother. The paternal grandparents filed postjudgment motions that were denied by operation of law. The paternal grandparents timely appealed. The appeals were consolidated in this court.
On appeal, the paternal grandparents argue that the juvenile court erred in failing to apply the evidentiary standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). This court has explained:
“In Ex parte McLendon, ... our supreme court held that the proper standard to be applied in child-custody cases wherein a parent has either voluntarily forfeited custody or has lost custody due to a prior judgment is whether there has been a material change in circumstances since the prior judgment; whether a change in custody will materially promote the best interests of the child; and whether the benefits of the change in custody will more than offset the inher *981 ently disruptive effect caused by uprooting the child. 455 So.2d [863,] 865 [ (Ala.1984) ].”
Barber v. Moore, 897 So.2d 1150, 1153 (Ala.Civ.App.2004).
The paternal grandparents argue that, because the juvenile court had, in earlier orders, awarded them “temporary custody” of the children, the mother was required to meet the McLendon standard in seeking to modify custody of the children. With regard to those earlier orders, the record on appeal indicates that, in 2007, the Escambia County Department of Human Resources (“DHR”) filed a petition seeking to have A.P. declared dependent. The juvenile court entered a judgment on June 27, 2007, finding A.P. to be dependent and awarding “temporary” custody of her to the paternal grandparents. The mother later petitioned the juvenile court to modify custody of A.P., but, in February 2009, the juvenile court denied that petition. Also in February 2009, the juvenile court entered an order finding K.P. to be dependent arid awarding “temporary” custody of him to the paternal grandparents.
This court has explained the effect of a “temporary” custody order as follows:
“A pendente lite custody order is an order that is effective only during the pendency of the litigation in an existing case and is usually replaced by the entry of a final judgment. Hodge v. Steinwinder, 919 So.2d 1179, 1182 (Ala.Civ.App.2005). Pendente lite custody orders allow a trial court to take into consideration developments in the lives of the child and the parties that naturally occur during the gap in time between the filing of an action and the final hearing in the matter. Id.
“However, a ‘temporary custody award’ or a ‘temporary order’ as to custody is a ‘final’ custody award or judgment. Despite its name, a temporary order as to custody is intended to remain effective until a party seeks to modify it. It may be modified if the trial court reviews the ease and determines that changed circumstances that warrant a modification have come into existence since the last custody award. 919 So.2d at 1182-83. Such an award is not a pendente lite award. Id.”
T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala. Civ.App.2006). See also Rich v. Rich, 887 So.2d 289, 299-302 (Ala.Civ.App.2004) (plurality opinion) (discussing the difference between awards of pendente lite custody and temporary custody).
In a case involving the modification of a temporary custody order, our supreme court has held that the parties seeking to modify that order are required to meet the McLendon standard. Ex parte J.P., 641 So.2d 276 (Ala.1994). The supreme court explained:
“Although the temporary custody of a child may have been placed with someone, the court always retains jurisdiction to modify custody under the appropriate circumstances. This is to say that temporary custody is actually permanent custody subject to change. There must be a sense of finality to child placement, but that placement is always subject to change by the court when the facts and law before the court indicate that a change is required.”
641 So.2d at 278 (emphasis added).
When a juvenile court has entered a judgment awarding custody of a dependent child to a relative, a parent seeking to modify that custody judgment must meet the McLendon standard in order to regain custody of the child. J.W. v. C.B., 56 So.3d 693, 699 (Ala.Civ.App.2010); M.B. v. S.B., 12 So.3d 1217, 1219-20 (Ala.Civ.App. 2009); and In re F.W., 681 So.2d 208 (Ala. Civ.App.1996). In M.B. v. S.B., supra, this *982 court explained that, even when an order finding a child dependent and awarding custody to a relative contains indications that the custody award is “temporary,” the parent must meet the McLendon standard in a subsequent modification proceeding:
“We also note that, even if we had concluded that the juvenile court’s July 26, 2006, order could properly be considered to be a temporary order, that conclusion would not support the mother’s argument that the juvenile court was not required to apply the McLendon standard in ruling on her custody-modification petition. See A.L. v. S.J., 827 So.2d 828, 834-35 (Ala.Civ.App.2002) (quoting C.G. v. C.G., 594 So.2d 147, 149 (Ala.Civ. App.1991)) (‘ “[Temporary custody awards, as opposed to pendente lite awards, are generally intended to last until the court is petitioned by one of the parties to modify the [judgment] and constitute final orders from which an appeal may lie to this court.” ’).”
12 So.3d at 1219-20 n. 3.
In this case, prior orders of the juvenile court had divested the mother of custody of her children and had awarded “temporary” custody of the children to the paternal grandparents.[1] Those earlier custody orders contain no indication that those orders were pendente lite custody orders rather than awards of custody subject to possible modification upon properly filed modification petitions. See T.J.H. v. S.N.F., supra. Accordingly, we conclude that the juvenile court erred in failing to require the mother to meet the McLendon standard in her modification actions. We reverse the judgments and remand the causes for the juvenile court to reconsider its judgments in light of the proper application of the McLendon standard to the facts of this case.
2100321 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2100322 — REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, with writing.

. As our supreme court has observed, "[s]e-mantically, this entire matter would be simpler if all courts declined to use the phrase ‘temporary custody’ and simply used 'penden-te lite' or ‘custody’ as the circumstances require.” Ex parte J.P., 641 So.2d at 278.