Rel: June 14, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0642

_____

### D.W. and S.W.

### v.

### A.L. and J.G.

### Appeal from Limestone Juvenile Court
### (JU-20-62.02)

EDWARDS, Judge.

In July 2020, D.W. and S.W. ("the custodians"), who are the maternal grandparents of W.G. ("the child"), were awarded custody of the child by the Limestone Juvenile Court ("the juvenile court") in a dependency action against the child's parents, A.L. ("the mother") and

J.G. ("the father"). On August 25, 2022, the custodians filed a petition to modify the previous custody award, alleging that the mother had "resolved all of her legal matters" and had "rehabilitated herself to the degree that she is fit and appropriate to regain custody of the … child." On October 7, 2022, the juvenile court awarded the mother, who resided with the custodians, temporary legal and physical custody of the child.

After a trial held on August 18, 2023, the juvenile court entered a judgment denying the custodians' petition to modify custody. In the 2023 judgment, the juvenile court stated that it had applied the standard set forth in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), to the custodians' petition to modify and specifically found that the evidence did not establish that the circumstances of the mother had materially changed. In addition, the juvenile court stated that it disagreed with the custodians' contention that it would be in the best interest of the child for custody to be restored to the mother. The custodians appeal.[1]

---

[1]The father was named as an appellee on the custodians' notice of appeal. The father was served with the custodians' modification petition and filed a motion requesting that the juvenile court set a specific visitation schedule for him because, he asserted, the custodians had not allowed him to visit with the child under the terms of the July 2020

At the commencement of the trial, the juvenile court and counsel for the custodians discussed whether the standard for a modification of custody set forth in Ex parte McLendon should apply when the custody award had arisen out of a dependency action in the juvenile court. As the juvenile court correctly pointed out, this court has routinely applied the standard set forth in Ex parte McLendon to petitions to modify custody after custody has been permanently awarded to a third-party custodian other than the Department of Human Resources in a dependency action.

> "'When a juvenile court has entered a judgment awarding custody of a dependent child to a relative, a parent seeking to modify that custody judgment must meet the Ex parte McLendon standard in order to regain custody of the child. J.W. v. C.B., 56 So. 3d 693, 699 (Ala. Civ. App. 2010); M.B. v. S.B., 12 So. 3d 1217, 1219-20 (Ala. Civ. App. 2009); and In re F.W., 681 So. 2d 208 (Ala. Civ. App. 1996).'
>
> "P.A. v. L.S., 78 So. 3d 979, 981 (Ala. Civ. App. 2011). See also In re F.W., 681 So. 2d 208, 211 (Ala. Civ. App. 1996) (stating that, after the entry of a judgment awarding custody of a child

---

dependency judgment. That judgment, according to the juvenile court, had awarded the father visitation with the child at the discretion of the custodians. The August 2023 judgment impliedly denied the father's request for specific visitation by stating that "the parties shall return to operating under the prior Order of this Court from July 15, 2020." The father has not appealed the August 2023 judgment.

> to a third party, 'the [Ex parte] McLendon standard is activated when the biological parent seeks to regain custody and ... a parent's presumptive superior right does not apply'). Our supreme court has also applied the standard set out in Ex parte McLendon to a biological parent's petition for modification of a final dispositional custody order entered in a previous dependency action. See Ex parte D.B., 255 So. 3d 755, 756 (Ala. 2017) ('[I]t is undisputed that, in order to succeed in her request to modify custody, the mother was required to meet the well settled custody-modification standard set forth in Ex parte McLendon ....')."

K.Y. v. J.S., [Ms. CL-2023-0336, Dec. 8, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023).

As counsel for the custodians pointed out to the juvenile court, however, Ala. Code 1975, § 12-15-316(2), provides that a person who, under the provisions of the Alabama Juvenile Justice Act ("the AJJA"), Ala. Code 1975, § 12-15-101 et seq., has been awarded legal custody of a child by the juvenile court may petition the juvenile court "for a modification, extension, or termination of the order on the grounds that this action is in the best interest of the child."[2]  This court has not yet

---

[2]The term "legal custody," as defined in Ala. Code 1975, § 12-15-102(16), a part of the AJJA, includes the right to have physical custody. Specifically, § 12-15-102(16) provides, in pertinent part, that legal custody is

4

discussed the application of § 12-15-316(2). Section 12-15-316 does not provide a method by which a <u>parent</u> who has lost custody of a child may seek to modify or terminate a custody order. Thus, this court has consistently applied the standard set forth in <u>Ex parte McLendon</u> to modification petitions brought by a parent who has lost custody to a third party through a dependency and custody judgment, requiring the parent to prove that a material change of circumstances has occurred and to establish not only that the child's best interest would be served by changing the existing custody judgment, but also that the child's interests would be materially promoted by such a change. <u>K.Y.</u>, ___ So. 3d at ___; <u>P.A. v. L.S.</u>, 78 So. 3d 979, 981 (Ala. Civ. App. 2011); <u>see also</u> <u>Ex parte D.B.</u>, 255 So. 3d 755, 756 (Ala. 2017).

---

"[a] legal status created by order of the juvenile court which vests in a legal custodian the right to have physical custody of a child under the jurisdiction of the juvenile court pursuant to [the AJJA] and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, clothing, education, and medical care, all subject to the powers, rights, duties, and responsibilities of the legal guardian of the person of the child and subject to any residual parental rights and responsibilities."

In the present case, the custodians, and not the mother, are the parties seeking a modification of the 2020 custody judgment. As a result, their modification action was clearly governed by § 12-15-316(2). The custodians were not required to meet the burden imposed by <u>Ex parte McLendon</u>. Instead, they had to establish only that a modification or termination of the 2020 custody judgment would be in the best interest of the child.

Although we agree with the custodians that the juvenile court erred insofar as it applied the standard set forth in <u>Ex parte McLendon</u> to their modification action, we cannot reverse the juvenile court's 2023 judgment. In that judgment, the juvenile court concluded that the custodians had not established that the mother's circumstances had materially changed, but the juvenile court did not conclude that the child's interests would not be <u>materially promoted</u> by a change in custody. Instead, the juvenile court found that the child's <u>best interest would not be served</u> by a change in custody. The juvenile court stated in its judgment that it had "very little confidence that the mother would be able to provide for the needs of the child." Thus, it appears that the

juvenile court rejected the custodians' request that the 2020 custody judgment be modified or terminated both under the burden imposed by Ex parte McLendon and under the best-interest analysis set forth in § 12-15-316(2). The custodians do not make any argument regarding the sufficiency of the evidence supporting the juvenile court's judgment and have therefore waived any such argument. A.B. v. Montgomery Cnty. Dep't of Hum. Res., 370 So. 3d 822, 829 (Ala. Civ. App. 2022). Accordingly, we affirm the 2023 judgment of the juvenile court denying the request of the custodians that the 2020 custody judgment be modified or terminated.

AFFIRMED.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.